ALEXANDER STEVENS vs. CHARLES W. CHURCH.

The principles of equity with regard to the marshaling of securities are not applicable to the case of a mortgagee and a subsequent purchaser of the equity of redemption; but are confined to cases where two or more persons are creditors of the same debtor and have successive demands upon the same property, the one prior in right having other securities.

The purchaser takes what he purchases—the equity of redemption, and nothing more. He acquires no equitable interest in other securities held by the mortgagee.

Where facts were found by a committee which would have entitled the petitioner to relief, but differed materially from the facts alleged, it was held that the petitioner could not have relief except upon an amended petition.

BILL IN EQUITY for the marshaling of securities and for an account; brought to the Superior Court in Hartford County. Facts found by a committee and decree for the petitioner, (*Beardsley, J.*) Motion in error by the respondent. The facts are sufficiently stated in the opinion.

*Perkins*, for the plaintiff in error.

*Hamersley*, for the defendant in error.

CARPENTER, J.   On the 8th day of May, 1868, Leonard D. Porter mortgaged certain real estate, subject to a prior mortgage for $3000, to the respondent, to secure the sum of $1,300. On the 21st day of the same month he conveyed the premises, subject to said mortgages, to the respondent by an absolute deed. That conveyance however was intended by the parties as a mortgage to secure other indebtedness due to the respondent. September 21st, 1868, Porter executed and delivered to the petitioner a quit-claim deed of the same premises.

The respondent had, as further security for his claim, a transfer of a policy of insurance on the life of Porter for $3,000. April 20th, 1869, he sold the real estate for $5,000, which paid the mortgages and left in his hands the sum of $700. July 6th, 1869, Porter being then dead, he received $3,000 on the insurance policy, which more than paid all indebtedness to him.

Stevens *v.* Church.

The court decreed that the balance of the money received from these two sources should be paid to the petitioner. Thus the court marshaled the securities held by the respondent so that the balance should go to the petitioner instead of Porter's estate.

This is alleged for error, on the ground that the petitioner was the purchaser of the equity of redemption and not a mortgagee.

The principles of equity in regard to the marshaling of securities are not applicable to the case of a mortgagee and a subsequent purchaser of the equity of redemption ; but are confined to cases where two or more persons are creditors of the same debtor, and have successive demands upon the same property, the one prior in right having other securities.

On this point the allegations in the bill are conclusive against the petitioner. He alleges a purchase in consideration that the petitioner would cancel certain indebtedness due to him from Porter, and would take care of certain other debts of Porter for which the petitioner was liable. As purchaser he took what he purchased—the equity of redemption, and nothing more. He acquired no interest, in equity or otherwise, in other securities held by the respondent.

Upon the bill as it stands therefore the decree cannot be sustained. If the facts found by the committee are to be regarded as establishing the fact that the petitioner was a mortgagee, then the judgment is erroneous for the reason that the facts found differ materially from the facts alleged ; it being a fundamental principle that if the material facts alleged are not found to be true, the petitioner can have no relief.

The facts found by the committee would seem to indicate that the debts were not cancelled, and that the petitioner was in fact a mortgagee. If that is so, or if that fact should be directly found, the petitioner may be entitled to relief upon an amendment of his bill so that it will correspond with the facts.

As the record now stands there is manifest error in the judgment, and it must be reversed.

In this opinion the other judges concurred.