THE PHŒNIX INSURANCE COMPANY OF HARTFORD, CONN., v. WILLIAM DOLAN.

MORTGAGE — *Foreclosure* — *Loss by Fire* — *Credit of Amount of Policy* — *Evidence.* A dwelling house and lot were mortgaged by the owners to secure a note, and the house was insured against loss by fire. It was agreed that the loss, if any, was payable to the mortgagee or his assigns. The note and mortgage were assigned to the company which had insured the house. The mortgagors conveyed the property to D., who assumed the payment of the mortgage debt. The insurance company brought an action to recover upon the note and to foreclose the mortgage assigned to it. D. answered that the house had been destroyed by fire and the loss had accrued to him and should be credited upon the mortgage debt. It was ruled that the burden of proof was upon D., who offered in evidence the insurance policy, and also a paper purporting to be a receipt of payment by the insurance company to the original mortgagee, and rested. The execution, identity or genuineness of the paper was not shown. *Held*, That the testimony was insufficient to show that a loss had occurred, or that D. was entitled to a credit upon the mortgage debt for any loss.

*Error from Elk District Court.*

ACTION by the *Insurance Company* against *Dolan* to foreclose a mortgage. At the May term, 1889, there was a judgment for plaintiff for an amount less than it claimed, and it brings the case here. The opinion states the facts.

*Douthitt & Ayres*, for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Phœnix Insurance Company of Hartford, Conn., brought this action to recover on a promissory note executed by Thomas D. Kerns and wife in favor of James H. Tallman for $250, and the interest thereon, and also to foreclose a mortgage given by them to secure the same on a house and lot in Howard. The note and mortgage were assigned to the insurance company, and default having been made in the payment, this action was brought against the makers and also against William Dolan, who had purchased

the mortgaged property and assumed the payment of the mortgage debt. Dolan answered that when he purchased the real estate it had upon it a frame house, which was insured by the plaintiff against loss by fire to the amount of $250. He stated that after the house had been insured, and after he became the owner thereof, it was destroyed by fire, and he also alleged that the company had refused to pay for the loss as they had agreed to do, and had refused to give the defendant any credit on account of the loss. The cause was tried with a jury, and, as no question was raised upon the validity of the note and mortgage, it was ruled that the burden of proof was upon the defendant. He offered in evidence the insurance policy, which showed the insurance of the house in favor of Thomas D. Kerns for $250. It contained a provision that the "loss, if any, under this policy, payable to James H. Tallman, mortgagee, or his assigns, as interest may appear." There was pasted on the back of the policy what purported to be a receipt from the insurance company, signed by James H. Tallman, the mortgagee, of the payment of $250 for a loss under the policy. No other testimony was offered by the defendant, nor were any admissions made except that the title of the mortgaged property had passed to William Dolan, and that he had assumed the payment of the mortgage debt. The court instructed the jury to give Dolan a credit upon the mortgage debt of $250, and by their verdict this was done.

The evidence was wholly insufficient to warrant the ruling of the court or the verdict that the jury were instructed to return. If a liability had arisen against the company on the policy, and it had passed to Dolan he is entitled to a credit of the amount of the loss on the mortgage debt which he assumed. The burden, however, was upon him to show that a loss had occurred and a liability had arisen of which he might avail himself in this action, before any credit could be given. He failed to show that the property had been destroyed, and, if there was any loss, that proofs had been made and steps taken by him to entitle him to any amount of the

insurance contracted for. The policy introduced was sufficient to show the original contract of insurance, but the receipt is not identified nor its authenticity shown by anyone. There is nothing to show where it was found or by whom it was written or signed. It fails to establish that any loss had occurred or any liability had accrued in favor of Dolan. If there was an actual loss during the lifetime of the policy, the right to which accrued in favor of the plaintiff, the insurance company cannot avoid the liability for the loss by the purchase of the note and mortgage. (*Insurance Co. v. Marshall*, 48 Kas. 235.) If the liability is shown by competent proof, and the facts are such as to bring it within the cited case, the amount due upon the policy should be applied as a payment upon the debt secured by the mortgage. Because of the insufficiency of the proof, the ruling of the court in directing a verdict in favor of the defendant was erroneous. Its judgment will, therefore, be reversed and the cause remanded for a new trial.

All the Justices concurring.