**BYRD et al., Trustees, v. ASBURRY et al.**

No. 15634—Opinion Filed Sept. 8, 1925.

(Syllabus.)

**1. Insurance—Action for Proceeds—Right to Sue—Lack of Interest.**

Where parties have no interest in an insurance policy and do not show a clear legal right to participate in the proceeds of the same, they are not entitled to recover any portion of the proceeds of said policy.

**2. Same—Verdict for Defendants Sustained.**

Record examined, held, that the evidence reasonably tends to support the verdict of the jury.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by J. W. Byrd and M. L. Patterson, trustees, Zion Baptist Church, against Clyde Asburry and others, school directors, and School Dist. No. 28, Adair County. Judgment for defendants, and plaintiffs bring error. Affirmed.

John A. Goodall for plaintiffs in error.

E. B. Arnold and W. A. Woodruff, for defendants in error.

LESTER, J. The parties appear as in the court below. This action was commenced in the district court of Adair county, for the recovery by the plaintiffs of $1,380, collected by defendants on a certain insurance policy.

It appears that in the year 1910, the plaintiffs entered into a contract with defendants for the lease of a certain church building. That defendants were to keep the same in a state of repair and with the privilege on the part of plaintiffs of using the same for church purposes. That during said year the school district obtained a patent from the government for the lands upon which the said church was situated; that the school district continued to use said building for school purposes until the 15th day of February, 1923, at which time said building was destroyed by fire. The building and equipment was insured by the school board, and after the fire, the defendants, as officers of the school district, collected the sum of $1,380 on the insurance policy. An examination of the lease discloses that there was no obligation on the part of the school district to insure said building against loss by fire. Plaintiffs also set out in their petition that the patent for said lands upon which the building was situated was procured by fraud.

Defendants filed their answer, in which they deny every material allegation of plain-

tiffs' petition, and in which they further allege that the plaintiffs had no legal capacity to sue nor had any interest in the subject-matter of said action. Defendants also set out in their answer that they had placed valuable additions to said building and had therein certain furniture and fixtures, and that the defendants caused said building to be insured and premiums thereon were paid from the funds of the school district.

Trial was had to a jury in the district court, and judgment was rendered in favor of defendants, and the plaintiff prosecutes this appeal to reverse the judgment of the district court.

Upon examination of the evidence in this case, it is shown that the proof was very unsatisfactory. Alonzo Yancey, one of the witnesses for plaintiffs, who appears to have been pastor of the church for which plaintiffs claim to be acting as trustees, testified (C. M. 42):

"Q. Do you know whether J. W. Byrd is a member of the Zion Baptist Church at this time or not? A. He was a member at that time. Q. At this time? A. I think the church as an organization disbanded. Q. Then the church as an organization has disbanded? A. As an organization; yes, sir."

M. L. Patterson, one of the plaintiffs, testified in part as follows (C. M. 46):

"Q. Are you a member of the Zion Baptist Church? A. Not at this time. Q. Who are the members of the Zion Baptist Church? A. I could not state all; I know a few."

J. W. Byrd, the other trustee, party plaintiff, moved from the community and his exact whereabouts was not shown.

We have carefully examined the instructions of the court, and find no prejudicial error therein.

Plaintiffs in error set forth four assignments of error, but none of them are supported by any authority whatever, and we think that the verdict of the jury was reasonably supported by the evidence. Plaintiffs in their briefs abandoned their cause of action in which they ask that the patent issued to the defendant be canceled.

From the entire record we find nowhere any evidence that would entitle the plaintiffs to recover any of the proceeds from the insurance collected by the defendants as a result of the fire.

Judgment is affirmed.

All the Justices concur.

Note.—See under (1) 26 C. J. p. 435, § 581 (Anno). (2) 4 C. J. p. 853, § 2834.