WELCH v. MONTGOMERY.

No. 32865. April 19, 1949.

*205 P. 2d 288.*

E. F. Maley, of Okmulgee, for plaintiff in error.

Steele & Boatman and DuVal Pitchford, all of Okmulgee, for defendant in error.

CORN, J. Plaintiff sued the Home Insurance Company to recover $4,700 for loss of her home by fire, this amount representing the value of two policies secured and paid for by plaintiff. The insurer filed an affidavit of interpleader admitting that it held the money due under the policies, but alleged that it held the money only as a stakeholder, and that numerous parties, including defendant, claimed some right, title and interest in these funds and the company was ready to pay over the money as the court might direct. The district court entered an order directing interested third parties to appear and maintain their claims, directed the insurer to pay into court the amount remaining due under the policies (after settlement of an HOLC mortgage under one policy), and discharged the company from further responsibility.

The different claimants appeared and filed their claims. Defendant, Lee Welch, filed his answer and interplea setting forth that in a divorce action by plaintiff the superior court gave him a judgment for $1,500 in settling their property rights and made it a lien upon

the premises. He further alleged that the insurance policies secured by plaintiff were for the benefit of the lienholders, and asked that the proceeds of the policies be substituted for the premises and the same be distributed in accordance with the rights of priority of the claimants, but asked that any amount of his lien remaining unpaid be reserved against the real estate.

Plaintiff filed her reply and answer showing the settlement of certain claims which were prior to defendant's claim, and denying defendant's right to participate in the proceeds of the policies, either at law or in equity. Defendant then filed answer alleging that the divorce decree fixed his rights to the funds to the extent of $1,500, which was an equitable lien on the funds.

At the trial defendant assumed the burden of proof and at the close of his evidence the trial court sustained a demurrer thereto, on the ground defendant's claim was not an equitable lien upon the funds and the policy being a personal contract between the insurer and insured, the defendant was not entitled to participate in the proceeds.

The matters urged by defendant for reversal of this judgment are based upon the theory that equity was the foundation of this action, and when the equity jurisdiction of the court was invoked, the trial court retained jurisdiction to administer complete relief as to the subject matter and the trial court therefore erred in applying an erroneous principle of law.

Plaintiff contends the applicable rule is that an insurance contract is a personal contract between the insured and the insurer and, in the absence of an express contract, a mere lienholder has no claim or interest in the proceeds of such policy. In 46 C. J. S., Insurance, §1150, the rule is stated as follows:

"One who has a mere lien only on the insured property has no claim to the insurance money realized by insured in the event of a loss of the property, for a claim on the insurance money may arise only out of contract; but, where insured has agreed to insure for the benefit of another, who has an interest in the subject of insurance, such other has an equitable lien on the proceeds. Where the holder of a mechanic's lien procures insurance on his interest in property, he is entitled to the proceeds."

The rule so stated is universally recognized and applied. In re San Joaquin Valley Packing Co. (C.C.A. Cal.) 295 Fed. 311 @ 313, the following is given as the basis of the rule:

" . . . The reason of the rule is that, as between the insurer and the insured, a policy of fire insurance is purely a matter of personal contract. It does not attach to the insured property, nor does it run with the title thereto. It is in itself the measure of the rights of all persons under it, and its provisions must govern in determining who are the beneficiaries. Said the court in Columbia Ins. Co., v. Lawrence, 10 Pet. 507, 9 L. Ed. 512:

" 'We know of no principle of law or of equity, by which a mortgage has a right to claim the benefit of a policy underwritten for the mortgagor on the mortgaged property, in case of a loss by fire, . . . It is strictly a personal contract for the benefit of the mortgagor, to which the mortgagee has no more title than any other creditor.' "

That such rule is recognized in this jurisdiction, see Byrd v. Asbury, 113 Okla. 102, 239 P. 256.

Defendant urges that the matter before the trial court was equitable in nature and, the court, having once acquired jurisdiction of the subject matter and the parties, should adjust the equities and administer complete relief to the parties.

This cause was begun as an action at law, to recover upon a written contract of insurance. For some reason not appearing the insurer, although not denying liability, did not adjust its policy liability following the loss and plaintiff commenced this action. The insur-

er exercised the right granted by 12 O. S. 1941 §238, filed its affidavit of interpleader, and tendered into court the amount of its liability and asked to be discharged from further responsibility, and this the trial court did. Upon this basis it is urged that the matter then became an equity proceeding requiring that the trial court adjust the equities of all before the court, and it is upon this claim of equity alone that defendant seeks to reverse the judgment.

It is recognized that the right of interpleader is an equitable remedy. 48 C. J. S., Interpleader, §2 and cases cited. And, where the request for interpleader is approved, the questions to be considered are equitable in nature. However, because of other considerations which are controlling herein, we deem it unnecessary to consider the propriety of the trial court's action in granting the bill of interpleader, other than to point out that there was no showing that the fund held by the interpleader was insufficient to meet the demands of all claimants. In fact, the record herein reflects that the proceeds of the policies were more than sufficient to cover all the claims. In such cases the rule is that no necessity for interpleader exists. 48 C. J. S., Interpleader, §14; Fidelity and Deposit Co., etc., c. Cody et al., 278 Mich. 435, 270 N. W. 739, 108 A. L. R. 1243.

We are cognizant of the doctrine that when a court of equity once obtains jurisdiction, it retains such jurisdiction for all purposes. Hoge v. Hammonds, 192 Okla. 145, 134 P. 2d 559. But, we likewise recognize the principle that equity follows the law. Phelan v. Roberts, 182 Okla. 202, 77 P. 2d 9. For this reason, we are of the opinion that there are fatal defects in defendant's claim that principles of equity require the granting of the relief he seeks herein.

First to be considered is the fact that this was purely an action at law to recover upon a written contract, and plaintiff neither relied upon nor sought relief upon any basis other than the provisions of the contract. Defendant was not in privity to the contract, so far as the record reflects knew nothing of the existence thereof, and under no rule of law had the right to claim any benefits arising therefrom. In absence of any action by defendant the insurer could have settled its contract obligation under the policies and thereby have been entirely discharged from responsibility.

The right granted to the insurer by statute, supra, to interplead, is a statutory procedural right. Until this right was exercised defendant had no rights in plaintiff's lawsuit. Thus it is obvious that the effect of defendant's contention, if sustained, would be that reliance of the insurer upon a statutory procedural step would change the nature of plaintiff's cause of action and give to a third party a remedy not theretofore existing.

Further, to hold that defendant's theory that the filing of a bill of interpleader invoked equitable principles requiring reversal of this judgment would result in enhancing defendant's rights in two respects while denying to plaintiff the benefits personal to her in her action at law.

First, to hold that equitable principles prevail would mean that the court was writing a contract for defendant which placed him in a more favorable position than he originally occupied, since it would permit defendant to enforce a claim which the law unequivocally declares he can protect only by the securing of insurance in his own behalf. The rule that, in absence of contract, one having an interest in property cannot participate in the proceeds of an insurance policy secured by the owner of the property, applies where the relation is that of mortgagor and mortgagee, landlord and tenant, lessor and lessee. 26 C. J., Insurance, §581, et seq. Within reason, therefore, it must be said that the same rule applies to

a lienholder, since the courts will not make a contract for the parties.

The second consideration is that the effect of sustaining defendant's contention would result in varying the terms of the divorce decree wherein defendant was granted his lien. Although the amount of defendant's judgment was made a lien upon the premises, there was no requirement in the trial court's judgment that the plaintiff should secure insurance to protect defendant's lien. Plaintiff took out insurance in her own behalf and bore the expenses alone, yet to sustain defendant's theory would mean that the added requirement would be read into the original decree of divorce that plaintiff should insure the property to protect the lien granted to defendant; and, having secured insurance in her own behalf, a court of equity will regard this as having been done for defendant's benefit by decreeing that an equitable lien exists against the proceeds of this insurance although settled rules of law deny his right to share in such proceeds in any manner. Equity will not take rights acquired by one who has been vigilant and give their benefit to one who has lost by reason of nonaction. West v. Madansky, 80 Okla. 161, 194 P. 439. When the rights of parties are defined and established by law, equity has no power to change such rights, and while the maxims of equity may be invoked to protect an existing right, they are not available to create a right where none exists. Plains Pet. Co. v. Fine, 174 Okla. 570, 51 P. 2d 284; Phelan v. Roberts, supra.

Judgment affirmed.

GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. DAVISON, C.J., ARNOLD, V.C.J., and WELCH, J., dissent.