SHORTEN v. MUELLER.

No. 34772.    Feb. 19, 1952.

*241 P. 2d 187.*

Marvin T. Johnson, Tulsa, for plaintiff in error.

Wesley E. Disney, Joe B. Houston, Gerald B. Klein, James P. Melone, and John R. Richards, Tulsa, for defendant in error.

CORN, J. Plaintiff brought this action against Mr. and Mrs. E. H. Shorten to recover money alleged to be due as broker's commission under a written contract for the sale of defendant's property.

The petition alleged that on April 1, 1949, plaintiff was given an exclusive listing agreement signed by defendant individually, and as agent for her husband, employing plaintiff to dispose of premises occupied by defendants. Pursuant to the agreement plaintiff ad-vertised the property for sale, and solicited prospective purchasers, and as a result of such efforts introduced Dr. and Mrs. Childs to defendants. In June, 1949, these parties purchased the property, but defendants refused to pay the commission allegedly due and owing by reason of the sale. The listing agreement signed by Mrs. Shorten contained the following provisions:

"Exclusive Listing and Option Contract

" . . . and for your services, I hereby agree to pay to you the regular Real Estate Board Commission on the purchase price thereof, upon any sale or contract for the sale of said real estate made while this agreement remains in force, whether such sale be made by yourselves or myself, or whether at the price and upon the terms stated on the reverse side of this card, or at a different price or upon other terms accepted by me.

"It is further agreed that upon any sale or contract for the sale of said real estate made by me within three months next after termination of this agreement, to any person with whom you have had negotiations for sale of the same and of which I shall have been advised, I will pay you the full rate of commission."

Mrs. Shorten answered by general denial, and further pleaded that the property was their homestead, and her husband neither signed nor consented to the exclusive listing; that she signed the agreement upon oral representation by plaintiff's agent (Hawkins) that such listing was for thirty days only, and all inconsistent portions thereof were to be stricken therefrom, the agreement thus resulting from fraud and misrepresentation; defendants had negotiated with these purchasers, through another agent, several months before plaintiff knew the purchasers, and such negotiations culminated in the sale, and these facts were known to plaintiff's agent; any claimed listing for more than thirty days was without consideration, and the agreement terminated by its terms after thirty days and could not be binding upon defend-

ants since plaintiff was not the procuring cause of the sale. Mrs. Shorten answered separately by general denial, and further pleaded that neither had he dealt with plaintiff, signed any agreement, nor authorized his wife to act for him, so he was not bound to plaintiff. His answer further asserted substantially the same matters set forth in Mrs. Shorten's answer. Plaintiff replied to such answers by general denial.

The issues were tried to a jury, and after introduction of plaintiff's evidence defendants demurred separately thereto. Mrs. Shorten's demurrer was sustained, and the cause proceeded as to the present defendant alone. At the close of the evidence defendant's motion for a directed verdict was overruled. Upon consideration of the matter under the trial court's instructions, the jury returned a verdict in plaintiff's favor for $500, and defendant has appealed from the judgment rendered upon such verdict.

By their verdict it is apparent the jury rejected defendant's evidence and accepted that of plaintiff as disclosing the essential facts surounding this transaction. Under the familiar and settled rule, we are bound by the jury's conclusion in this regard. Green v. Smith, 204 Okla. 595, 232 P. 2d 406. Upon this basis the pertinent facts may be summarized in the following manner:

Defendants listed their property for sale with plaintiff's agent. The property was shown to some prospects, but plaintiff was requesting defendants to give him exclusive listing of the property. Acceding to such request defendant (April 1, 1949) signed the exclusive listing containing the above-quoted provision, striking out certain portions thereof which she deemed unsatisfactory. Thereafter plaintiff advertised the property, held open house to show the property, and showed the premises to several prospective purchasers, among whom were Dr. and Mrs. Childs. A few days later Dr. Childs signed a contract and gave a check for $500, and the deal was tendered to

Mr. Shorten but he declined to complete the transaction. The following day another contract signed by Childs was tendered to Mr. Shorten but he again declined to go through with the deal. In June defendant and husband sold their home to the Childs at the same price offered in the contract first tendered through plaintiff's agent, but the sale was consummated through another firm of brokers. This agent testified to having negotiated with the purchasers in December with defendant's knowledge, but defendant never apprised plaintiff of this. Defendant did not pay any commission to plaintiff when the sale was completed.

The grounds for reversal of this judgment are presented under three general propositions. It is contended that the contract sued upon cannot be enforced according to its terms. Defendant urges that the contract terminated by its own terms on April 30, 1949, and that the sale in question was not made until some 60 days after such termination. It is her position that the contract terminated and that effect should not be given to the further provision whereby defendant agreed to pay a commission if the property was sold within three months of the termination date to a party with whom plaintiff had negotiated.

Consideration of two matters completely disposes of such argument. If the contract provisions were enforceable, then the only remaining question is whether plaintiff's efforts to perform thereunder were sufficient to entitle him to recover a commission.

The provision of the agreement for payment of a commission if defendant sold the property within three months following termination of the exclusive listing, to a buyer with whom plaintiff had negotiated, clearly must have been inserted therein for some specific purpose. By their verdict the jury determined such provision was an integral portion of the contract, and one not intended by the parties to be stricken therefrom as claimed by defendant.

Necessarily, the contract is to be construed, if at all possible, in such manner as to give effect to the entire agreement. Tri-State Cas. Ins. Co. v. Stekoll, 201 Okla. 548, 208 P. 2d 545. To accept defendant's argument that the contract terminated after thirty days and thereafter was of no effect would destroy the agreement of the parties. This, in effect, would require this court to write a new contract for the parties. This the court will not do. Welch v. Montgomery, 201 Okla. 289, 205 P. 2d 288, 9 A.L.R. 2d 294.

The obvious reason for such provision is that by its inclusion the parties recognized that plaintiff's efforts and expenditures would be protected to some degree even after the exclusive listing had terminated. It is not pointed out wherein a contract containing such provision would be illegal or oppressive. In the absence of such showing no reason appears which inclines us to refuse to so construe the contract, which is regular upon its face and freely entered into.

The applicable general rule is stated in 8 Am. Jur. §195, as follows:

"It may be stated generally that a broker having an exclusive agency to negotiate a sale of property for a specified commission may recover such commission where the owner effects a sale through another broker, even though the first broker has not procured a purchaser ready, able, and willing to comply with the terms of the contract, . . ."

A contract such as herein involved has not been considered heretofore by this court. However, in McGuire v. Sinnett, 158 Ore. 390, 76 P. 2d 472, that court considered a contract containing a provision very similar to that in the present case. Therein it was pointed out that the sale was made to a buyer with whom the broker had carried on negotiations within the time limited by the contract. The court explicitly held the broker to be entitled to his commission, without regard to whether he actually sold the property, or whether he was the procuring cause of the sale.

We cannot accept the construction contended for by defendant, and necessarily conclude that termination of plaintiff's exclusive listing on defendant's property did not destroy his right to be compensated for his efforts, in view of the contract provisions.

As to whether plaintiff's efforts were such as to entitle him to a commission after the property was sold by another broker, defendant earnestly contends plaintiff could not have been the procuring cause of the sale, since there had been negotiations with the eventual purchasers long prior to the date of plaintiff's exclusive listing. The record reflects the sharp conflict in the evidence upon these issues. These matters were resolved in plaintiff's favor, and the jury's verdict is amply supported by the evidence.

Defendant also contends that plaintiff's proposed purchaser made a counter offer in terms not acceptable to the sellers so that no liability arose from plaintiff's efforts in submitting a purchaser. This contention is based upon the evidence which showed that the selling price was fixed at $14,500, and when the Childs' first offer was submitted to defendants it provided for defendants to accept certain city lots as part of the price. Defendant insists this constituted a counter offer by the prospective purchasers and defendants were within their rights in refusing such offer and incurred no liability in doing this. See Bateman v. Richards, 105 Okla. 272, 232 P. 443; Bunnell v. Frederick, 123 Okla. 222, 253 P. 57.

We are of the opinion the principle announced in syllabus 4 in Artlin Realty Co. v. Glass, 170 Okla. 588, 41 P. 2d 471, is conclusive of such argument. Therein it is said:

"Where a deal is closed and a sale is made by the owner himself to the purchaser produced by the broker, the question of the ability, readiness, and willingness of the purchaser to buy on the terms submitted by the owner to the broker is eliminated."

Although the rule announced is based upon an owner's sale to a purchaser produced by the broker, we see no reason why such rule should not apply equally to a situation where the owner sells, through another agent, to the same purchaser with whom the first broker had been negotiating. To the same general effect see Braniff v. Buttram et al., 203 Okla. 480, 223 P. 2d 116.

By reason of what has been said above it is unnecessary to review the argument directed at certain of the trial court's instructions, other than to observe that the instructions given fairly defined the law applicable to the issues presented.

Defendant further urges that plaintiff's failure to comply with the requirements of the Intangible Personal Property Tax Law (68 O. S. 1951 §1515) requires reversal of the judgment rendered. This argument is without merit under the rule announced in Rutter v. Heatley, 198 Okla. 591, 180 P. 2d 822, and cases therein cited.

Judgment affirmed.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.