J. W. CLEMENTS and Edith Clements,
Plaintiffs in Error,

v.

C. L. McCONNELL, Defendant in Error.

No. 39214.

Supreme Court of Oklahoma.

Dec. 5, 1961.

Rehearing Denied Jan. 16, 1962.

Garrett & Garrett, Mangum, plaintiffs in error.

Max Carder, Hobart, defendant in error.

HALLEY, Justice.

The parties will be referred to according to their positions in the trial court or by name.

The plaintiff's position was brief. It set up that the defendants purchased seventeen white face cows and one calf from plaintiff and gave him for same a check for $3,420.-

00, and one calf; that the defendants stopped payment on the check; that plaintiff asked judgment for the amount and interest from its date at six per cent.

The defendants by their answer admitted this transaction and stopping payment. They contended that the cattle were not as warranted by the plaintiff and that the contract had been rescinded.

The defendants by way of cross-petition asked six dollars per head per month for the care, feeding and maintenance of the cattle until plaintiff came and got them.

The case was tried to a jury and the verdict and judgment was for the plaintiff. The defendants appealed.

■ The defendants by their answer elected to rescind their contract of purchase. By so doing they were precluded from proceeding in accordance with 23 O.S.1951 § 34, which is as follows:

"The detriment caused by the breach of a warranty of the quality of personal property, is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time."

See also Kirk v. Leeman, 163 Okl. 236, 22 P.2d 382 and Voris v. Gage, 46 Okl. 748, 149 P. 150.

The defendants raised three issues in their brief which are:

"1. The verdict and judgment are contrary to the evidence, and the court erred in rendering judgment for plaintiff, and in overruling defendants' motion for new trial. Also that the court erred in overruling defendants' demurrer to the evidence and defendants' motion for a directed verdict.

"2. That the court erred in submitting forms of verdict to the jury; that the forms submitted amounted to a directed verdict; and that the court erred in overruling defendants' motion for new trial on this ground.

"3. That the court erred in instructing the jury; and, erred in overruling defendants' motion for new trial on this ground."

■ We cannot agree with defendants. On the first proposition the plaintiff made a case by showing that defendants purchased the cattle, gave a check and later stopped payment on it. The delivery of the cattle was admitted.

■ The defendants simply claimed that the cattle were not as warranted; that they did not want to keep the cattle and sue for the difference in the value of the cattle and the amount for which they gave the check. The lawsuit resolved itself into the question "Were the cattle that were delivered as good as warranted?" The plaintiff testified that they were. The defendants' witnesses testified that they were not. This question was fairly submitted to the jury and the jury elected to find for the plaintiff. We see no error in the failure of the trial court to sustain the defendants' motion for a directed verdict. There was sufficient evidence to sustain the jury's verdict. The plaintiff denied he ever said that all the cows would calve right away or that he said all the cows were under eight years of age. He refuted all charges of breach of warranty.

He did agree to take the cattle back until he discovered that defendants had vaccinated and branded all cattle purchased from him. He testified that he would not take them back after this action on defendants part.

We think our holding in Shorten v. Mueller, 206 Okl. 62, 241 P.2d 187, 188, controls here. We said:

"By their verdict it is apparent the jury rejected defendant's evidence and accepted that of plaintiff as disclosing the essential facts surrounding this transaction. Under the familiar and settled rule we are bound by the jury's conclusion in this regard. Green v. Smith, 204 Okl. 595, 232 P.2d 406. * * *"

The rule in Green v. Smith mentioned in the foregoing quote is in the syllabus and is as follows:

"In an action of legal cognizance, the verdict of the jury as to questions of fact will not be disturbed upon appeal though the evidence is in conflict, if there is any evidence reasonably tending to support the verdict."

Under proposition two the defendants' second and third issues are discussed together. Under the pleadings in this case we see nothing wrong with the forms of verdict. As has been previously said the only question for the jury to really pass on "Was whether the cattle were as good as they were warranted to be." If they were the defendants were liable and if they were not the verdict should be for the defendants.

It is true that the last paragraph of instruction No. 8, which attempted to instruct the jury as to defendants' liability if they returned the cattle to seller, plaintiff here, in case a breach of warranty was found than they were when delivered to them, was improper. This is so because there was no evidence on that issue and the question was not raised by the pleadings. We look upon this error as harmless because the jury found for the plaintiff for what he sued for, that being the price originally agreed upon to be paid for the cattle. Further, the verdict was tantamount to a holding that there was no breach of warranty. Then, too, when the instructions were taken as a whole the jury was in no way misled by instruction No. 8. No injury to defendants is shown by this instruction. In Day v. Ferguson, 129 Okl. 22, 263 P. 126, we held that an incorrect instruction is harmless unless injury is clearly shown.

In light of the pleadings, the evidence and the instructions as a whole, we will not say that reversible error was committed in the trial of this cause.

Judgment is affirmed.

BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.