Alfred C. SCHEIBNER, Jr., Plaintiff in Error,

v.

Ida B. SCHEIBNER and American Mutual Life Insurance Co., a foreign corporation, Defendants in Error.

No. 39290.

Supreme Court of Oklahoma.

Feb. 20, 1962.

Rehearing Denied March 20, 1962.

Application for Leave to File Second Petition for Rehearing Denied April 17, 1962.

Walter G. Wilson, Chandler, for plaintiff in error.

P. D. Erwin, Chandler, for defendants in error.

BERRY, Justice.

In her petition filed below, defendant in error, Ida B. Scheibner, hereafter referred to as "plaintiff", alleged that defendant in error's American Mutual Life Insurance Co., hereafter referred to as "insurer", predecessor, issued a "Twenty Payment Life Certificate" to Alfred C. Scheibner, deceased, hereafter referred to as "insured"; that during his lifetime, insured, for a valuable consideration, gave and assigned the policy to her; that upon the death of insured there became due and owing to her from insurer the sum of $1,000.00, together with interest; that plaintiff in error, Alfred C. Scheibner, Jr., hereafter referred to as "defendant", claimed some right, title or interest in the proceeds of the policy but that he in fact had none.

In its answer, insurer admitted that upon insured's death it became obligated to pay to plaintiff or defendant the sum of $1,000.-00; that it had deposited said sum with the court clerk for the benefit of the person who was found to be entitled to same. The answer was verified.

In his answer, defendant denied that insured assigned the policy to plaintiff. As an affirmative matter he pleaded that insured had named him as beneficiary of the policy and that as such he was entitled to money so paid into court by insurer.

While the action of the insurer, in paying the proceeds of the policy into court, served to convert the instant case from one cognizable in law to one cognizable in equity (Welch v. Montgomery, 201 Okl. 289, 205 P.2d 288, 9 A.L.R.2d 294), the case was tried to a jury sitting in an advisory capacity who returned a verdict in favor of plaintiff. The trial court elected to adopt the implied findings of the jury and rendered judgment in plaintiff's favor. From order of the trial court denying defendant's motion for new trial which was directed to the judgment, defendant perfected this appeal.

While numerous contentions are presented and argued by defendant and plaintiff, the only contention that we will consider is whether the evidence shows that insured in fact assigned the policy to plaintiff.

The evidence bearing upon the foregoing contention can be summarized as follows:

Plaintiff testified that in November, 1952, insured, who was her husband, advised her "he was going to make that policy to (her), which he did. He said that (she) was the one that would have to take care of him and he didn't know how long he would be bedfast"; that insured subsequently produced the original policy and made these changes in same: He struck the name "Amelia Scheibner" which appeared immediately after a statement therein to the effect that "within 90 days after receipt of satisfactory proof of death of the above named member (insurer) will pay to" and in lieu of said name wrote in "wife Ida"; that he changed the date of the policy from February 3, 1922 to "Nov. 30-53"; that following the making of said changes insured delivered the policy to her; that she promptly returned the policy to insured who placed it in his safe; that she did not know the combination to the safe. The evidence fails to show how or when plaintiff regained possession of the

policy but does show that as of date of trial she had possession of same.

There was competent evidence that contrary to plaintiff's testimony, changes made in the policy were not in the hand writing of insured.

On March 2, 1957, insured executed and forwarded to insurer an affidavit wherein he stated in substance that the policy first herein referred to had been lost or destroyed; that he was in possession of same at the time it was lost or destroyed. He requested insurer to issue a duplicate policy. Insurer thereafter issued a duplicate policy. This policy showed that Amelia Scheibner was the beneficiary.

On March 25, 1957, insurer made written application to insurer to change the beneficiary named in the policy, which right was reserved in insured. He stated therein that he wished to make defendant beneficiary and his daughter, Ann Roof, alternative beneficiary.

It is apparent that it is easy for one to lay claim to an insurance policy as the assignee thereof under an oral assignment and difficult for the owner or beneficiary of the policy to disprove the claim. For said reason, proof of such an assignment must be so cogent, clear and forceful as to leave no reasonable doubt thereof. See Jones et al. v. Tautfest et al., 206 Okl. 380, 243 P.2d 1003, and 57 Am.Jur. "Wills", Sec. 185, p. 163.

We are of the opinion that the evidence upon which plaintiff relies fails to satisfy the foregoing rule.

For reasons stated, the judgment of the trial court is reversed with directions to enter judgment for defendant.

Reversed with directions.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.