The PEOPLES STATE BANK OF ELLIN-WOOD, KANSAS, and Marian Isern, Appellants,

v.

MARLETTE COACH COMPANY, Appellee.

No. 7666.

United States Court of Appeals Tenth Circuit.

Aug. 13, 1964.

Rehearing Denied Sept. 23, 1964.

**4**

John Q. Royce, Salina, Kan. (E. S. Hampton, H. H. Dunham, Jr., H. G. Engleman, C. Stanley Nelson, Jack N. Stewart and Tom W. Hampton, Salina, Kan., were with him on the brief), for appellants.

Clifford L. Malone, Wichita, Kan. (Mark H. Adams, Charles E. Jones, William I. Robinson, J. Ashford Manka, Mark H. Adams, II, John S. Seeber, Philip L. Bowman and Joe Rolston, Wichita, Kan., were with him on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

The determinative question here presented is whether, under Kansas law, a junior mortgagee, after having foreclosed his mortgage and having become purchaser at the foreclosure sale, can require the lien of prior mortgages to be reduced in amount by the application of proceeds paid from an insured fire loss occurring to the mortgaged property, the insurance benefits having been paid to senior mortgagees but applied by them, by agreement with the mortgagor, to other debts owed to them by the mortgagor. The junior mortgagee was not a contractual party to the policy of insurance but the senior mortgagee had actual notice of the junior lien. From a judgment holding that the junior mortgagee was entitled to release from the superior encumbrances to the extent of the insurance proceeds, this appeal is taken.

The background facts are not in dispute. The insured mortgagor, Frank Mull, was a dealer in mobile homes in Great Bend, Kansas. He owned all of Blocks 1, 2 and 3 of Mull's Addition in that town. On April 25, 1961, a fire occurred in an apartment building located upon a 90' x 270' parcel of Block 1 causing a loss later determined to be in the amount of $13,771.12. At the time of the loss, the parcel of property of which the apartment building was a part was encumbered by four mortgages. The first mortgage was held by appellant Peoples State Bank (Peoples) and encumbered only the 90' x 270' portion of Block 1. The second mortgage ran to the Security State Bank of Great Bend (Security) and covered all of Block 1 as a first lien except as to the 90' x 270' plot where it was second. Geer Company had the next mortgage which covered all of Blocks 1, 2 and 3 and was, consequently, a third mortgage on the apartment house site, a second mortgage on the remainder of Block 1 and a first lien on Blocks 2 and 3. Finally, appellee's mortgage covered all of Blocks 1, 2 and 3 and was accordingly a fourth mortgage on the apartment, third on the remainder of Block 1 and a second mortgage on Blocks 2 and 3.

The fire insurance carried by the mortgagor contained a standard loss payable clause to Peoples and Security as mortgagees. Neither policy mentioned Geer or appellee. However the insurance carrier requested and received from appellee a disclaimer and waiver in the insurance proceeds before making final settlement on September 28, 1961. On September 27, appellee had obtained a judgment of foreclosure on its mortgage and on that same date Security had assigned its mortgage rights to appellant Isern. On September 28, by agreement between Peoples, Isern and the mortgagor, the insurance proceeds were applied in main part to debts owed by Mull to Peoples and Isern and not secured by the first or second mortgages.

On November 15, 1961, appellee became the purchaser at the sheriff's sale of all Blocks 1, 2 and 3, subject to all prior mortgages. This action was commenced July 25, 1962, and is premised upon the claim that under these facts appellants could not apply the insurance proceeds otherwise than to reduce the first and second mortgages. We hold that the judgment sustaining this claim is in error.

Insurance is a contract made between parties for their benefit or for the benefit of a named person or class but does not run with the land or attach to the insured property. In re San Joaquin Valley Packing Co., 9 Cir., 295 F. 311; Chipman v. Carroll, 53 Kan. 163, 35 P. 1109, 25 L.R.A. 305; Welch v. Montgomery, 201 Okl. 289, 205 P.2d 288, 9 A.L.R.2d 294. A mortgagee who, as an insured under a policy of insurance, receives insurance proceeds paid due to damage to the insured property is bound to apply such monies either to the reduction of the mortgage indebtedness or to the restoration of the property for he cannot receive benefits past his insurable interest to the detriment of the mortgagor. In such instances the retention of the fund by the mortgagee is construed as a payment on the mortgage debt, extinguishing it *pro tanto*. Phoenix Ins. Co. of Hartford v. Dolan, 50 Kan. 725, 32 P. 390. But the benefit of insurance is for the insured, not one who, though a lien holder, is not a party to the insurance contract. Board of Education of Raleigh County, W. Va. v. Winding Gulf Collieries, 4 Cir., 152 F.2d 382; Allen v. Hamman Lumber Co., 44 Ariz. 145, 34 P.2d 397. Appellants could not dilute or extinguish the rights of the mortgagor by their own action but they were free to contract with him and, having done so, are not accountable to persons who are not parties to the insurance contract. Since appellee was not a party to the insurance contract it cannot now complain that it did not receive the benefits of the contract. See Annot. 11 A.L.R. 1295, 1303. We think it clear that appellants had no absolute legal duty to apply the insurance proceeds to the first or second mortgages.

**6**

Appellee urges further that the insurance fund should have been applied by appellants directly to the reduction of their mortgages under the equitable principles of marshalling of assets. The Supreme Court of Kansas in In re Concordia Mercantile Co., 173 Kan. 155, 244 P.2d 1175, has stated the doctrine to be:

> " * * * where a creditor has a lien on two funds in the hands of the same debtor and another creditor has a lien on only one of them, equity will compel the former to collect his debt out of that fund in his hands to which the latter cannot resort. The doctrine is an equitable one applicable only where both funds are in the hands of the common debtor of both creditors and where it can be applied with justice to all concerned * * *."

It thus appears extremely doubtful that the doctrine could have been appropriately applied at any time to the facts of this case, and we are convinced that appellee's present status, that of an owner, surely negatives the invoking of the doctrine. Appellee's claim as a creditor ended by purchase of the property when its lien upon the property ceased to exist. Kueker v. Murphy, 86 Kan. 332, 120 P. 362. Although appellee characterizes the sheriff's sale as a transaction based upon a "paper bid" it is nevertheless the statutory method of transferring title to the buyer and has legal significance. As has been stated:

> "The principles of equity in regard to the marshalling of securities are not applicable to the case of a mortgagee and a subsequent purchaser of the equity of redemption; but are confined to cases where two or more persons are creditors of the same debtor, and have successive demands upon the same property, the one prior in right having other securities." Stevens v. Church, 41 Conn. 369.

Other authorities agree, see, e. g., Gordon v. Arata, 114 N.J.Eq. 294, 168 A. 729; Krueger v. Ferry, 41 N.J.Eq. 432, 5 A. 452, affirmed, Ferry v. Krueger, 43 N.J.Eq. 295, 14 A. 811.

Appellee cannot shed ownership to regain a lien.

The judgment is reversed.