**ADAMS & LEONARD, REALTORS, a Corporation, Plaintiff in Error,**

v.

**Roger M. WHEELER, Defendant in Error.**

**No. 43166.**

Supreme Court of Oklahoma.

Feb. 1, 1972.

Blackstock & Joyce, J. C. Joyce and V. Craig Blackstock, Tulsa, for plaintiff in error.

Floyd L. Walker, Jerry L. Smith, Tulsa, for defendant in error.

IRWIN, Justice.

Plaintiff in error (plaintiff) is a real estate agent engaged in buying, selling and managing real estate on a commission basis. Plaintiff entered into a contract denominated as a "Property Management Agreement" with defendant in error (defendant) who owned a parcel of real es-

tate. The agreement contained this proviso:

"The agent shall have the sole exclusive right to sell and offer for sale, the property covered herein, if the property is sold or offered for sale during the terms of this agreement."

Defendant sold the property himself while the agreement was in force and effect. Plaintiff brought this action to recover damages for breach of contract on the grounds that the above proviso constituted "an exclusive right to sell and offer for sale" real estate contract. Both parties filed motions for summary judgment and the trial court found in favor of defendant on the grounds that (1) the agreement between plaintiff and defendant did not constitute a listing of the real estate for sale, but was merely a contract that an exclusive real estate listing would be made at some future date, upon the happening of some future contingency; and (2) since plaintiff did not allege the performance of any services upon which a quantum meruit recovery could be had, plaintiff sustained no recoverable damages by reason of the alleged breach of the contract.

The trial court rendered judgment in favor of defendant and plaintiff appealed.

The detailed "Property Management Agreement" which plaintiff alleges that defendant breached, contained four separate articles.

In Article I of the agreement the owner appointed the agent as the sole exclusive renting and management agent of the owner's property known as 2511 E. 38th St., Tulsa, Oklahoma.

Article II contains fifteen separate provisos specifying the duties and responsibilities of the parties concerning managing, renting, leasing and repairing the property; the expenses for which each party would be responsible; the itemized reports that would be made; and the insurance coverage.

Article III contains four provisos specifying the commissions that owner would pay the agent for (1) managing, (2) renting, (3) leasing, (4) and for supervising repairs.

Article IV contains three provisos. The first proviso specifies the effective date of the agreement and the manner in which the agreement could be cancelled. The second proviso contains the "sole and exclusive right to sell and offer for sale", previously mentioned upon which agent's action for breach of contract is grounded. The third proviso concerns the rights of the parties after termination of the agreement.

Plaintiff did not advertise the property for sale; did not seek a purchaser; incurred no expenses in attempting to sell the property; and did not have anything to do with the sale of the property. Plaintiff concedes that it would not be entitled to recover if the "Property Management Agreement" entered into by it and defendant was not sufficient to constitute an "exclusive right to sell" real estate contract. Plaintiff contends however, that the agreement granted it the sole and exclusive right to sell the real estate if the property was sold or offered for sale during the effective period of the agreement, and defendant was precluded from selling the property himself without incurring liability for breach of contract. To sustain this contention plaintiff cites Leatherman v. Freeman, Okl., 266 P.2d 473 (1954), which was an action to recover a commission on sale of property by the owner, based on an oral contract for an exclusive right to sell. In that case we said that "where the agency is an exclusive one with the exclusive right to sell, the agent does not have to be the procuring cause of the sale in order to be entitled to his commission". In Leatherman, we pointed out that even if the agency was not an exclusive one, the evidence, though conflicting, was sufficient to support a finding that the real estate agent was the procuring cause of the sale consummated by the defendant owner.

In Leatherman, the agent secured an offer of $20,000.00 from a Mr. Burrows and submitted the offer to the owner. The

owner rejected the offer but three days later sold the property to Mr. Burrows for $20,000.00. In that case we said that the owner's action in refusing the offer and three days later accepting it by dealing directly with Mr. Burrows smacks of unfair dealing in an effort to avoid paying a real estate commission.

Plaintiff also cites Shorten v. Mueller, 206 Okl. 62, 241 P.2d 187 (1952), which also involved an action to recover money allegedly due as a broker's commission under a written contract for the sale of defendant's property. In that case we quoted with approval 8 Am.Jur. § 195, as follows:

> "It may be stated generally that a broker having an exclusive agency to negotiate a sale of property for a specified commission may recover such commission where the owner effects a sale through another broker, even though the first broker has not procured a purchaser ready, able, and willing to comply with the terms of the contract * * *."

In Shorten, the broker first introduced the purchaser (Childs) to the defendant owner and obtained an offer to purchase from Childs. Defendant declined the offer and the broker submitted another offer to purchase from Childs and defendant declined the second offer. Thereafter, defendant sold the property to Childs through another broker at the same price offered by Childs in his first offer which defendant had declined to accept. The contract in the Shorten case contained provisions that the broker would be entitled to a commission whether the sale was made by the broker or owner, and it further provided that upon sale or contract of sale made by the owner within three months after termination of the agreement, to any person with whom the broker had negotiated, the broker would be entitled to a commission.

It is to be noted that in Leatherman, the parties had entered into an enforceable, "exclusive right to sell" contract; the agent performed services to carry out the terms of the contract; and the evidence was sufficient to support a finding that the agent was the procuring cause of the sale. In Shorten, the rights and obligations were clearly delineated in the contract.

In the case at bar, plaintiff's theory of recovery is based upon the grounds that it had the "exclusive right to sell and offer for sale" defendant's property under the "Property Management Agreement". Plaintiff argues that it submitted to defendant a mutually beneficial proposal which defendant accepted; that it promised to manage defendant's property and did for a period of three years upon consideration of the defendant granting it the exclusive right to sell if the property was sold or offered for sale during the term of the agreement.

An examination of that agreement discloses that the parties clearly delineated their rights and obligations for managing, leasing, renting and repairing of defendant's property and the commission plaintiff was to receive for its services. However, the agreement contains no provision whatsoever concerning the terms under which the property would be sold or offered for sale, nor the rights and obligations of the parties if the property were sold or offered for sale. If there was an uncertainty in the property management agreement concerning the rights and obligations of the parties if the property were sold or offered for sale, the uncertainty may not inure to the benefit of plaintiff who prepared the agreement. See Sac City Canning Co. v. Griffin Grocery Co., 99 Okl. 99, 225 P. 702.

In Braniff v. Blair, 101 Kan. 117, 165 P. 816, it was held that while an agreement by an owner that a broker shall have the exclusive agency to find a purchaser for his land, for a fixed time, upon certain conditions, is unilateral when made, the element of mutuality is supplied when the broker accepts its performance by spending time and effort in doing the things that it was contemplated would be done by him under the agreement, and thereafter it is a binding obligation upon both. See also 12 Am.Jur.2d Brokers, § 32.

In Garrett v. Richardson, 149 Colo. 449, 369 P.2d 566, an exclusive, irrevocable right to sell real estate agreement was entered into between a real estate broker and owners. The contract provided that "In consideration of the services of the undersigned real estate broker the owners grants to him * * * exclusive and irrevocable right to sell the property * * *." In considering the import of the contract the Supreme Court of Colorado said:

> "Here we have a document in which the owners expressly agree to do certain things. The broker does not expressly agree to do anything. Courts uniformly hold that such a document is not a binding contract until some service is rendered by the broker looking to the sale of the property. Until that occurs the authority granted to the broker may be revoked by the owner."

■ In the case at bar the parties agreed that if the property was sold or offered for sale, plaintiff "shall have the sole and exclusive right to sell", but the terms and conditions under which plaintiff was to have such exclusive right to sell were not set forth. Although the parties agreed concerning their duties and obligations for the management and leasing of the property, plaintiff did not expressly agree to do anything if the property was sold or offered for sale. The broker performed no services concerning the sale of the property. Until he had performed some of such services the contract was unilateral. The agreement could not be construed as constituting a completed and enforceable "exclusive right to sell" real estate listing contract.

Plaintiff argues that at the precise moment that defendant offered the property for sale, the contract for the "exclusive right to sell" came into operation and as a matter of law, it is entitled to damages measured by the customary fee paid real estate agents in the community based on the sale price.

Plaintiff recognizes that at the time the "Property Management Agreement" was entered into and it became defendant's agent in renting and managing defendant's property that it did not have at that time the "exclusive right to sell". Whatever "sale" rights plaintiff may have had were subject to a contingency, i. e., that the property be sold or offered for sale during the terms of the agreement. However, this part of the contract was unilateral and plaintiff did not have an enforceable "exclusive right to sell" real estate contract.

■ We see no reason why a valid and enforceable "exclusive right to sell" contract could not be incorporated in a property management agreement, if the "exclusive right to sell", contractual provisions are complete concerning their rights and obligations if the property is offered for sale or sold. However, if the "exclusive right to sell" provisions are incomplete and unenforceable, an action for damages will not lie for breach of the unenforceable contract. Since the "exclusive right to sell" proviso in the "Property Management Agreement" was unenforceable, and plaintiff's action is based upon this proviso, the trial court did not err in rendering judgment for defendant.

Judgment of the trial court affirmed.

DAVISON, V. C. J., and WILLIAMS, JACKSON, LAVENDER and BARNES, JJ., concur.

BERRY, C. J., and HODGES and McINERNEY, JJ., dissent.