445 P.2d 275 (1968)
In the Matter of the ESTATE of Dora E. Hunt REDWINE, Deceased.
Winston Hunt MOSER, Plaintiff in Error,
v.
Merle Hunt FIGG, Amanda M. Madden, Dora Hunt Lawrence and Elizabeth Moore Barnes, Defendants in Error.
No. 41350.
Supreme Court of Oklahoma.
September 10, 1968.
Jack Ewing Wilson, of Miller, Melone, Wilson, Adams & Spencer, Oklahoma City, for plaintiff in error.
Kay Wilson, Jr., Muskogee, for defendants in error.
*276 BERRY, Justice.
This appeal from a judgment in a will contest case involves a single issue. Petition was filed in the county court seeking probate of four purported holographic codicils to a foreign will previously admitted to probate. The county court denied admission to probate upon grounds of lack of jurisdiction, because barred by provisions of 58 O.S. 1961, §§ 61, 67, fixing limitations for contest of a will. Proponents of the codicils appealed to the district court, where probate again was denied for lack of jurisdiction to hear and determine the matter upon the merits. This appeal is from that judgment.
In June 1956 the will of testatrix (Dora E. Hunt Redwine) was admitted to probate in the state of Alabama. In October 1956 the Alabama executor petitioned the county court in Muskogee County for ancillary probate of the foreign will. On November 14, 1956, the will was admitted to probate and Cecil R. Moser appointed executor. No further proceedings were had until application was made, and an order entered citing the executor to render an accounting by September 16, 1963.
September 6, 1963, plaintiff in error, wife of the executor and proponent herein, petitioned the court for probate of four purported holographic codicils. Proponent alleged that after commencement of the ancillary proceedings it was learned such codicils were valid in Oklahoma, and since such codicils changed the original will by omitting named devisees and enhanced the extent of proponent's interest in the estate, she prayed for admission to probate and issuance of letters testamentary.
The named defendants contested validity of the codicils upon grounds of testatrix's incompetence, undue influence and invalidity of purported codicils because of improper execution.
It appears two purported codicils were discovered in testatrix's home prior to discovery *277 of the will and two additional codicils in a bank deposit box. All were presented to the Alabama court, where probate was denied. The executor was advised these codicils probably were not admissible to probate in Oklahoma, and they were not forwarded to Oklahoma as part of the ancillary proceedings in Muskogee County.
Upon hearing the county court found the proffered codicils partially changed and revoked the will admitted to probate. Since the codicils constituted a contest of the original will, and were offered for probate more than six months after admission of the will to probate the contest was barred by limitations and the petition for probate of the codicils should be denied.
Proponent appealed to the district court, where judgment of the probate court was affirmed, upon grounds the court lacked jurisdiction to hear the petition for probate upon the merits, because the matter was barred by the statute of limitations.
The two statutes involved, 58 O.S. 1961 §§ 61, 67, provide:
"When a will has been admitted to probate, any person interested therein may at any time within six months from the date the will was admitted to probate contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:
"1. That a will of a later date than the one proved by the decedent, revoking or changing the will, has been discovered, and is offered; or,
"2. That some jurisdictional fact was wanting in the probate; or,
"3. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or,
"4. That the will was not duly executed and attested."
"If no person, within six (6) months after the probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind, a period of one (1) year after their respective disabilities are removed."
Proponent has presented an extensive argument to support the claim of error in the trial court's ruling. Although counsel is to be commended for the presentation, we cannot accept either the reasoning or the result in cases decided in other jurisdictions under statutes which are dissimilar to those above quoted. Argument concerning apparent legislative intent, expressed in foreign statutes relative to will contests and limitations upon time for filing, are not persuasive.
Our statutes, supra, comprise a clear expression of legislative intent, and are not subject to a changed construction because of asserted ambiguity. When the language of a statute is plain and unambiguous no room for construction exists. Forston v. Heisler, Okl., 363 P.2d 949.
The foundation of proponent's claim is that section 61, supra, is a special statute and should be construed as permissive and application can be had only upon one of the four grounds enumerated. Thus it is urged the language concerning "evidence discovered since probate" restricts any application of the statute to a will contest supported by evidence discovered after probate and falling within an enumerated category. From this basis the asserted conclusion is that section 61 is a special statute, applicable only to factual situations coming within the strict provision, and the trial court failed to consider the language and intent of each statute.
Proponent quotes and relies upon the result and reasoning in In re Elliott's Estate, 22 Wash.2d 334, 156 P.2d 427, 157 A.L.R. 1335, which held that presentation of a later will after a will had been admitted to *278 probate was not a will contest as contemplated by the statutes of that jurisdiction, but was entitled to probate at any time while an estate remained open. Proponent urges that a codicil, which simply republished the original will, should be considered in the same manner because of the similarity of the Washington statute and our own as to subject matter, and because the true intent gleaned from our statutes should be to give effect to the testatrix's paramount right to have her will carried out.
In Bancroft's Probate Practice (2nd Ed.) § 164, a will contest is defined generally as designation of any kind of litigated controversy concerning eligibility of any instrument to probate. See In re Harjoche's Estate, 193 Okl. 631, 146 P.2d 130. And, section 165 of this text states:
"* * * The concensus of authority is that where the eligibility to probate of a subsequent will is not, by statute, made an issue to be raised in a contest after probate, it is not subject to the limitation upon such contests, and that a subsequent will may be probated at any time although the effect of such probate is to revoke in part or wholly a will which has already been established."
However, this section directs attention to Oklahoma as a jurisdiction where statutes make an attempt to probate a later will, or effort to change a former will, grounds for a petition for revocation of probate, which necessarily must be considered a contest within the applicable limitations statutes.
We are of the opinion proponent's effort to probate the purported codicils constituted a contest of the original will within meaning of the statutes. Whether the issue was determined under section 61 or 67, supra, is immaterial to the present case. Under application of either statute, proponent's right to proceed was barred by the expressed period of limitations. Cooper v. Newcomb, 73 Okl. 53, 174 P. 1029.
Further error is urged in respect to the court's ruling the only matter to be considered was the question of jurisdiction, since the district court's jurisdiction in probate matters cannot be defeated by a county court's refusal to hear evidence upon the issues raised. In re Shailer's Estate, Okl., 266 P.2d 613. For this reason it is argued the court, upon trial de novo, had jurisdiction to determine all issues presented, and the court erred in failing to exercise equitable powers to grant relief where the remedy at law was inadequate. See Sam v. Sam, 172 Okl. 342, 45 P.2d 462; Red Eagle v. Cannon, 198 Okl. 330, 177 P.2d 841.
The cases state correct principles, but are not applicable to the present issue. A court of equity cannot act upon its own notion of what is right in a particular case. Equity can be invoked to protect existing rights, but there is no equitable power to change rights defined and established by law, or to create a right where none exists. Welch v. Montgomery, 201 Okl. 289, 205 P.2d 288, 9 A.L.R.2d 294.
Our statutes, supra, clearly express a legislative intent that contests of wills are subject to the periods of limitation fixed therein. Such limitations have been held to operate both upon the rights of the parties and the jurisdiction of the court to hear and determine the matter. Mayweather v. Wallace, 195 Okl. 587, 159 P.2d 529; Battle v. Mason, Okl., 293 P.2d 324. Jurisdiction is the authority by which courts take cognizance of and decide cases. Board of Trustees, etc. v. Brooks, 179 Okl. 600, 67 P.2d 4. Jurisdiction depends upon a court having the capacity, power, or right to act. When the action presented is barred by limitations the court lacks either the power or right to act. The trial court correctly found this attempt to contest the original will was barred by limitations, and jurisdiction was lacking to hear and determine the issue sought to be raised.
Affirmed.
All Justices concur.