County Hospitals — Employees — Payroll Only one warrant for county hospital employees' payroll may be drawn per month in accordance with the said 19 O.S. 790.1 [19-790.1] (1968). County hospital employees may be paid only on a monthly basis. The warrant for the county hospital employees' payroll shall be for the exact amount of said payroll. Section 19 O.S. 790.1 [19-790.1](d)(2) prohibits the County Treasurer from accepting and issuing two or more warrants per month on the County Hospital Accounts for salaries. As a matter of fact the County Treasurer does not issue the warrants on the County Hospital Account but only honors such warrants for payment. Warrants on the County Hospital Account are signed and issued by two members of the hospital board of control. The Attorney General has considered your letter of recent date in which you refer to O.S.L. 1963, ch. 72, Section 4 as amended by O.S.L. 1965, ch. 287, Section 1, 19 O.S. 790.1 [19-790.1] (1968), and ask the following questions: "(1) Does this provision require that only one warrant can be drawn on the County Hospital Account each month and may the County Treasurer refuse to draw more than one warrant each month? "(2) Do these provisions preclude the County Hospital Administrator from paying his employees every two weeks? "(3) Do these provisions require that the warrant be drawn for the exact sum paid to the employees or only an approximate sum subject to the vicissitudes of over time and illness? "(4) Do these provisions preclude or prohibit the County Treasurer from accepting and issuing two or more warrants per month on the salary account?" Title 19 O.S. 790.1 [19-790.1](d)(2) (1968) provides as follows: "2. If a majority of the board of control shall vote in favor of the establishment of a salary account, then a depository bank, approved for the deposit of state and county funds, shall be designated by the board and the necessary resolutions requisite to the establishment of an account shall be performed. Thereafter, as soon as the complete monthly payroll for employees of the hospital shall have been prepared and the said payroll has been certified by the administrator and approved by one or more members of the board of control, than a warrant shall be signed by two members of the board of control and drawn on the County Hospital Account; said warrant to be in the exact amount of the net total of all the employees named in said payroll. The proceeds of said warrant shall then be deposited in the Salary Fund of Hospital in the depository bank above designated. Following the making of said deposit, the hospital shall issue individual salary checks to each employee whose name is included on said payroll for the exact sum shown to be due each of said employees, so that the total sum of the individual salary checks shall be exactly the same as the amount of the warrant drawn on the county treasurer. Provided, that said salary checks shall be signed by the administrator and by one member of the board of control." The Oklahoma Supreme Court stated in, In Re Estate of Redwine, Ok 1., 445 P.2d 275
(1968), at p. 277 that: "When the language of a statute is plain and unambiguous, no room for construction exists." The statute clearly refers to "monthly payroll" and authorizes the signing of "a warrant" rather than "warrants." The Attorney General is therefore of the opinion that only one warrant for county hospital employees' payroll may be drawn per month in accordance with the said 19 O.S. 790.1 [19-790.1] (1968). With respect to your second question, we note that said Section 19 O.S. 790.1 [19-790.1](d)(2) provides in part that "as soon as the complete monthly payroll for employees shall have been prepared and the said payroll certified . . . and approved" then a warrant shall be signed to be drawn on the County Hospital Account. Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law. See Brown v. State Election Board, Okl., 369 P.2d 140 (1962). The foregoing all considered, it is the opinion of the Attorney General that county hospital employees may be paid only on a monthly basis. In answer to your third question, the said Section 19 O.S. 790.1 [19-790.1](d)(2) provides, as above noted, that after the monthly payroll has been prepared and certified, then the warrant may be signed, "said warrant to be in the exact amount of the net total of all the employees named in said payroll." In addition to the above clear directive the statute indicates that since the warrant is drawn only after the monthly payroll is complete there would not be any need for a warrant for other than the exact amount of the monthly payroll. The Attorney General is of the opinion that your third question should be answered as follows: the warrant for the county hospital employees' payroll shall be for the exact amount of said payroll. In view of the answers to your first three questions your fourth question can only be answered in the affirmative. Section 19 O.S. 790.1 [19-790.1](d)(2) prohibits the County Treasurer from accepting and issuing two or more warrants per month on the County Hospital Accounts for salaries. As a matter of fact the County Treasurer does not issue the warrants on the County Hospital Account but only honors such warrants for payment. Warrants on the County Hospital Account are signed and issued by two members of the hospital board of control. (Dell Gordon)