OPINION — AG — **** HIGHWAY DEPARTMENT — AUDITS — EXPENSES **** FOR FISCAL YEAR ENDING JUNE 30, 1970, THE STATE HIGHWAY COMMISSION SHOULD ALLOT AND APPROPRIATE FROM THE STATE HIGHWAY CONSTRUCTION AND MAINTENANCE FUND A SUM EQUIVALENT TO ONE-TENTH (1/10) OF ONE PERCENT (1%) OF THE TOTAL WARRANTS ISSUED FROM SUCH FUND DURING THE FISCAL YEAR ENDING JUNE 30, 1969, FOR THE EXPENSE OF THE CONTINUOUS AUDIT OF THE STATE HIGHWAY DEPARTMENT BY THE STATE EXAMINER AND INSPECTOR. FOR FISCAL YEAR ENDING JUNE 30, 1970, THE STATE HIGHWAY COMMISSION MAY NOT ALLOT AND APPROPRIATE FOR SUCH AUDIT EXPENSE MORE THAN THE ONE-TENTH (1/10) OF ONE PERCENT (1%) OF THE WARRANTS ISSUED DURING FISCAL YEAR ENDING JUNE 30, 1969, AS SET OUT ABOVE. THE AMOUNT ALLOTTED AND APPROPRIATED FOR EXPENSE OF THE AUDIT CANNOT BE: (1)REDUCED BY PAYMENTS OF PREMIUMS ON WORKMEN'S COMPENSATION OF GROUP INSURANCE WHICH DOES NOT COVER EMPLOYEES OF THE STATE EXAMINER AND INSPECTOR; (2)REDUCED BY CHARGING AGAINST SUCH APPROPRIATION ANY PART OF THE UNDISTRIBUTED COSTS OF THE HIGHWAY DEPARTMENT FOR FISCAL YEAR 1969; OR (3)REDUCED BY DEDUCTING THEREFROM ANY OF THE SALARIES PAYABLE TO EMPLOYEES OF THE STATE EXAMINER AND INSPECTOR FOR SICK LEAVE, ANNUAL LEAVE OR OTHER LEAVE. CITE: 69 O.S. 1969 Supp., 315 [69-315], 69 O.S. 1969 Supp., 1502 [69-1502]. W. J. MONROE FILENAME: m0000654 EPH MONROE, DISTRICT ATTORNEY ATTORNEY GENERAL OF OKLAHOMA — OPINION AUGUST 28, 1969 OPINION — AG — **** COURT FEES — CHECK — INSUFFICIENT FUNDS **** UNDER THE PROVISION OF 21 O.S. Supp. 1968, SECTIONS 1541.1[21-1541.1] [21-1541.1] ET SEQ., A DISTRICT ATTORNEY HAS THE AUTHORITY TO FILE A CRIMINAL CHARGE ON AN INSUFFICIENT FUNDS CHECK MADE PAYABLE TO A COURT CLERK IN PAYMENT OF FINE AND COSTS UPON A WRITTEN PLEA OF GUILTY, OR FOR PURPOSES OF A BOND, AS PROVIDED IN 22 O.S. Supp. 1969, SECTIONS 1114.1[22-1114.1] [22-1114.1] ET SEQ. CITE: 25 O.S. 1961 1 [25-1], 25 O.S. 1961 2 [25-2]. ROBERT D. MCDONALD. FILENAME: m0008864 John M. Rogers State Examiner and Inspector Attorney General of Oklahoma — Opinion October 8, 1969 Highway Department — Audits — Expenses For fiscal year ending June 30, 1970, the State Highway Commission should allot and appropriate from the State Highway Construction and Maintenance Fund a sum equivalent to one-tenth (1/10) of one percent (1%) of the total warrants issued from such fund during the fiscal year ending June 30, 1969, for the expense of the continuous audit of the State Highway Department by the State Examiner and Inspector. For fiscal year ending June 30, 1970, the State Highway Commission may not allot and appropriate for such audit expense more than the one-tenth (1/10) of, one percent (1%) of the warrants issued during fiscal year ending June 30, 1969, as set out above. The amount allotted and appropriated for expense of the audit cannot be: (1) reduced by payments of premiums on workmen's compensation or group insurance which does not cover employees of the State Examiner and Inspector; (2) reduced by charging against such appropriation any part of the undistributed costs of the Highway Department for fiscal year 1969; or (3) reduced by deducting therefrom any of the salaries payable to employees of the State Examiner and Inspector for sick leave, annual leave or other leave. The Attorney General has had under consideration your request for opinion dated August 11, 1969, wherein you, in effect, state: House Bill No. 1113, First Session, Thirty-second Oklahoma Legislature makes provision in the Highway Department appropriation act for the expenses of audit of said department by the State Examiner and Inspector. 69 O.S. 315 [69-315] (1969), provides for the method of the payment for the expenses of said audit. The accounting department of the State Highway Commission has been charging 27.S% of the monthly payroll against the available appropriations of the State Examiner and Inspector. Some of these charges are in no way connected with audit of the books, records and accounts of the Highway Commission. For example, we have been refused permission to participate in the group insurance plan in force and effect by the Highway Commission, but are charged premiums to the same extent as if we participated therein. Also, a part of $340,240.51, Highway Department undistributed cost from the fiscal year 1969, was charged to our account. Workmen's Compensation premiums are deducted from our appropriation, although none of our employees are engaged in hazardous employment or are eligible for Workmen's Compensation benefits. You state you are unable to furnish any information as to what constitutes undistributed costs and in connection with these facts, above set out, you ask the following five questions: "1. Must the funds appropriated by said H.B. 1113, for the payment of the expenses of audit required to be made by 69 O.S. 315 [69-315] (1968), be deposited in a special fund in the State Treasury and disbursed therefrom by the State Examiner and Inspector for the payment of such expenses? "2. May the Highway Commission deduct from the amount so appropriated for payment of premiums on workmen's compensation, notwithstanding none of our employees are eligible for the workmen's compensation benefits? "3. May any of the state's share of group insurance premiums be lawfully deducted from said appropriation by the Highway Commission; since employees of this office are not permitted to participate in its group insurance plan? "4. May the Highway Commission lawfully charge the funds appropriated for audit purposes for any part of the undistributed cost of the Highway Department for fiscal year 1969? "5. May the Highway Commission legally deduct from the amount appropriated any of the salaries payable to employees of the Examiner and Inspector for sick leave, annual leave or other leave" The pertinent part of House Bill No. 1113 provides: "There is hereby appropriated to the State Highway Department . . . . . the sum of Forty-eight Million Thirty-seven Thousand Four Hundred Ninety-six Dollars and twenty-four-cents ($48,037,496.24) to be used and expended by the Department of Highways of the State of Oklahoma to pay legal obligations incurred in the operation of the Department of Highways and the State Highway Commission and in the construction and maintenance of roads and highways, and to pay expenses of operating and maintaining the State Highway System and all expenses incurred in construction, repairing and maintaining state highways, . . . and for expenses of audit as provided by law. Provided, however, that payment to the State Examiner and Inspector for auditing accounts of the State Highway Department shall not exceed during the fiscal year ending June 30, 1970, one-tenth of one percent (1/10 of 1%) of the total warrants issued from the State Highway Construction and Maintenance Fund during the fiscal year ending June 30, 1969." Title 69 O.S. 315 [69-315] (1969), in part provides: "The State Examiner and Inspector shall audit the books, records and files of the Commission and the Department and shall file his report thereof not later than December 15 following the close of each fiscal year. Such audit shall be continuous in nature and shall contain a report on the several divisions and the activities thereof. . . . The expenses of such audits shall be paid by the Commission out of the State Highway Construction and Maintenance Fund upon the presentation of sworn and itemized claims, which claims shall have been duly approved by the State Examiner and Inspector. A sum equivalent to one-tenth of one percent of the warrants issued during the previous fiscal year shall be allotted and appropriated annually from such Fund for the expense of this audit. If such Fund is found to be inadequate for the purposes above set forth, then the Commission may allot and appropriate from such Fund such additional sums as may be necessary." (Emphasis added) Title 69 O.S. 1502 [69-1502] (1969), provides in part: "All funds collected and placed in the State Treasury and credited to the State Highway Construction and Maintenance Fund and all funds received from the United States Government under contracts with the Bureau of Public Roads are hereby appropriated to be used and expended by the Department to pay: Legal obligations in the operation of the Department and the Commission, and in the construction and maintenance of roads and highways . . . for the expense of audit as provided by law. . . ." We assumed in the beginning the payroll for those employees of the State Examiner and Inspector who perform the continuous audit for the State Highway Department were on the payroll of the State Examiner and Inspector and claims were filed with the Highway Department for the amount of the salaries and expenses paid to these employees. We have now been informed however, these employees are on the payroll of the State Highway Department. We have also been informed that four of these employees are being covered under the workmen's compensation policy of the State Highway Department at the request of the chief deputy of the State Examiner and Inspector. This latter information would necessitate an affirmative answer to your second question, in so far as those four employees are concerned, since such employees are being covered by workmen's compensation at the request of the Examiner and Inspector. Questions involving employees not covered by insurance are discussed below. Your first question should be answered in the negative. Funds appropriated by House Bill No. 1113 are not required to be deposited in a special fund in the State Treasury and disbursed therefrom by the State Examiner and Inspector. On the contrary, Section 315, supra, clearly provides the Highway Commission will pay the expense of audit on sworn, itemized claims approved by the State Examiner and Inspector. Your questions two and three seem to involve the same thing, being deductions for insurance, which do not cover all employees of the State Examiner and Inspector involved in the continuous audit of the Highway Department. Question four appears to involve some accounting cost figure not distributed generally to the various divisions of the Highway Department. Question five involves the internal management of the office of Examiner and Inspector and is no concern of the Highway Department so long as proper claims, sworn and itemized by the employee and approved by the State Examiner and Inspector are filed with the Highway Commission as required by law. It appears upon examination of House Bill No. 1113, supra, and Section 315, supra, that the sum of one-tenth of one percent of the warrants issued the fiscal year ending June 30, 1969, for audit expense is both the minimum and the maximum which can be allotted and appropriated for the audit of the Highway Department for the fiscal year ending June 30, 1970. The language of the emphasized portion of Section 315, supra, appears to be clear, unambiguous and mandatory. In the recent case of In Re Estate of Redwine, Okl., 445 P.2d 275 (1968), the court said: When the language of a statute is plain and unambiguous, no room for construction exists." We find no statute authorizing the Highway Commission to set up less than the one-tenth of one percent, as set out above, for audit expense. There appears to be no authority for the Highway Commission to reduce this amount by deducting for insurance not carried on the employees of the State Examiner and Inspector by deducting any part of the undistributed costs of the Highway Department for fiscal year 1969. nor by deducting from the amount appropriated any part of the salaries payable to employees of the Examiner and Inspector for sick leave. annual leave or other leave. It is therefore the opinion of the Attorney General your questions two, three, four and five be answered in the negative. For fiscal year ending June 30, 1970, the State Highway Commission should allot and appropriate from the State Highway (construction and Maintenance Fund a sum equivalent to one-tenth (1/10) of one percent (1%) of the total warrants issued from such fund during the fiscal year ending June 30, 1969, for the expense of the continuous audit of the State Highway Department by the State Examiner and Inspector. For fiscal year ending June 30. 1970, the State Highway Commission may not allot and appropriate for such audit expense more than the one-tenth (1/10) of one percent (1%) of the warrants issued during fiscal year ending June 30, 1969, as set out above. The amount allotted and appropriated for expense of the audit cannot be: (1) reduced by payments of premiums on workmen's compensation or group insurance which does not cover employees of the State Examiner and Inspector; (2) reduced by charging against such appropriation any part of the undistributed costs of the Highway Department for fiscal year 1969; or, (3) reduced by deducting therefrom any of the salaries payable to employees of the State Examiner and Inspector for sick leave, annual leave or other leave. Though the question was not asked by you it appears to have been the intention of the Legislature in enacting Section 315, supra, that the employees of the State Examiner and Inspector performing the continuous audit of the State Highway Department should be on the payroll of the State Examiner and Inspector and that their salary and expenses should be paid by the State Highway Commission "upon the presentation of sworn and itemized claims, which claims shall have been duly approved by the State Examiner and Inspector." (W. J. Monroe)