** Summary **
ISSUANCE OF TEMPORARY OR TERM PERMITS TO WATERSHED PROJECTS Senate Bill 388 of the 2nd Session of the 33rd Oklahoma Legislature gives authority to the Oklahoma Water Resources Board to give temporary or term permits even though all of the available water has been withdrawn but has not been put to use subject to all rights of prior appropriators. The Attorney General has considered your request for an opinion based on the following facts you provided: "We have several watershed projects having no appropriated water because all of the available water has been withdrawn, but has not been put to use." You then continued with the following question: "Under the above facts, does the Water Resources Board have the authority to give temporary or term permits to such watershed projects as provided in Section 13 of Senate Bill 388 of the 2nd Session of the 33rd Oklahoma Legislature even though all the water has been appropriated prior to the effective date of Senate Bill 388?" This office, formally issued Opinion No. 71-280 dealing with the statutory enactments concerning the ability of the Water Resources Board to grant temporary or term permits concerning appropriated and unappropriated waters. Specifically the opinion construed 82 O.S. 21 [82-21] through 82 O.S. 25 [82-25] (1971). Our first consideration must be whether these sections were repealed by the 33rd Legislature in Senate Bill 388. It appears the subject matter contained in 82 O.S. 21 [82-21] through 25 is now covered by Sections 9, 10, 11, 12, 13 and 14 of Senate Bill 388, Chapter 256 of the Oklahoma Session Laws at page 592 codified as 82 O.S. 105.9 [82-105.9] through 82 O.S. 105.14 [82-105.14] (1972). The title of Senate Bill 388 provides as follows: "An act relating to water and water rights; defining terms; providing establishment priorities of stream water use with certain exceptions; providing certain procedures for exercise of eminent domain and the diversion of water; providing procedures for adjudication of water rights; providing procedures for filing of applications for water rights and certain permits and providing for issuance, denial or amendment of such applications under certain conditions; providing procedures governing loss of right to use water, reversion of water to the public, surrender of water rights, use of surplus water and severance and transfer of water rights; providing penalties; providing notice of completion of waterworks, inspection of same and for issuance of certificate of completion by said board upon fulfillment of certain conditions; providing standards for measurement of water; providing procedures for appropriation of water by the United States; providing for extension of time period for permits in national emergencies; providing for public inspection of records of said board; providing no water rights presently in effect shall be altered; and repealing 82 O.S. 1-A [82-1-A] through 82 O.S. 6 [82-6], 11 through 82 O.S. 14 [82-14], 21 through 25, 52 through 59, 61, 71 through 75, 81 through 83, 91, 92 through 98, and 101 through 104." The language contained in the title of Senate Bill 388 clearly expresses the intention of the Legislature to repeal directly those statutes enumerated. 82 C.J. S. 282 speaks to the question of express repeal of legislation by stating: "An express repeal is the abrogation or annulment of a previously existing law by the enactment of a subsequent statute which declares that the former law shall be revoked and abrogated. The statute, or portion thereof, may be repealed directly by an express provision or declaration in a subsequent statute, provided the repealing statute conforms to the procedure prescribed by the Constitution of the State." The format and composition of Senate Bill 388 is not found here to be in conflict with any Oklahoma constitutional provision. The Supreme Court of Oklahoma has considered the matter of repeal through subsequent legislation while construing two statutes relating to the same subject matter in the case of Ex Parte Olden, 88 Okl. Cr. 56, 199 P.2d 228, wherein the Court stated in the first syllabus: "Where the Legislature takes up a whole subject anew, it covers the entire ground of the subject matter of a former statute, and evidently intended as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not embraced in the new." Senate Bill 388 contains express provisions of repeal of specific statutes thereby falling well within the expression of the Supreme Court in the case of Ex Parte Olden. A complete reading of the act fails to reveal any intention other than express words of repeal contained in the title of Senate Bill 388. Therefore, the questions presented in this opinion as they deal with the new statutory enactment must first be examined to see if the Legislature has expressed an intention with regard to the issuance of term permits other than that found in the former legislation as interpreted in Attorney General's Opinion No. 71-280. A comparison of the former legislation and the new enactments passed in 1972 reveal the following significant changes: First, Title 82 O.S. 25 [82-25] (1971), stated in relevant part: "If, in the opinion of the board, there is no unappropriated water available, it shall reject such application . . ." This section was replaced by Section 14 in Senate Bill 388, Chapter 256 of the Oklahoma Session Laws at page 597, now 82 O.S. 1972 105.14 [82-105.14] which provides as follows: "Denial of permit — Approval of application for lesser amount — Appeal. "If, in the opinion of the Board, the applicant fails to establish the three requirements of Section 12, it shall reject the application. It shall notify the applicant of the rejection and the reason for its action. In the absence of appeal as provided by this act, the decision of the Board shall be final. "If the Board denies a permit on the basis that there is no unappropriated water available in the amount applied for but finds that the other requirements were complied with, the applicant may file an amended application and apply for a lesser amount. Such amendment shall be in writing and sent by certified mail no later than fifteen (15) days after notice of denial of the original application shall have been mailed by the Board. Upon receipt of the amended application, the Board shall approve the application for the lesser amount at its next regularly scheduled meeting if such amount is sufficient. Such amendment shall not be deemed a waiver of the right to appeal from the action of the Board in denying the permit on the original application. Time for perfecting an appeal shall begin to run upon the mailing of notice of either the denial of the permit or approval of the amended application, whichever is later." It is significant that the Legislature has deleted the rejection phrase contained in 82 O.S. 25 [82-25] (1971). Furthermore, the 1972 legislation now includes 82 O.S. 1972 105.13 [82-105.13] which provides as follows: "Seasonal, temporary and term permits. "The Board is authorized to issue, in addition to regular permits, seasonal, temporary or term permits at any time it finds such issuance will not impair or interfere with domestic uses or existing rights of prior appropriators and may do so even where it finds no unappropriated water is available for a regular permit. All seasonal temporary and term permits shall contain a provision making them subject to all rights of prior appropriators. If any such permit is for water impounded in any works for storage, diversion or carriage of water, the applicant must comply with the provisions of Section 21." No such comparable section appears in the former law dealing with this problem. It therefore appears clear that it was the intention of the Legislature to allow seasonal, temporary or term permits regardless of whether or not the water was appropriated or unappropriated when that water can be used without detriment to existing rights of prior appropriators. Thus, we are bound by the fundamental rule of statutory construction, often repeated in our jurisdiction, that when interpreting legislative enactments effect must be given to the intention of the Legislature as manifested in words of express declaration. In re Redwine Estate, Okl.,445 P.2d 275, and McVicker v. Board of County Commissioners of Caddo County, Okl., 442 P.2d 297. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that Senate Bill 388 gives authority to the Oklahoma Water Resources Board to give temporary or term permits even though all of the available water has been withdrawn but has not been put to use, subject to all rights of prior appropriators. (Robert H. Mitchell)