Dear Senator Cate,
The Attorney General has received your request for an opinion wherein you ask, in effect, the following question:
Must a disabled veteran actually be receiving benefits payable at therate of ten percent (10%) or more in order to qualify for the additionalpreference provided by 74 O.S. 817 (1978) that such veteran's name shallbe placed at the top of the register in accordance with the numericalrating of the other service-connected veterans in receipt of benefitspayable at the rate of ten percent (10%) or more?
War Veterans are defined by 72 O.S. 67.13a (1978), as follows:
 "The words `War Veterans' used in the foregoing section shall be construed to mean such honorably discharged persons as:
 (a) served in the Armed Forces of the United States at any time during the period from April 6, 1917, to November 11, 1918, both dates inclusive, or
 (b) served in the Armed Forces of the United States at any time during the period of December 7, 1941, and December 31, 1946, both dates inclusive, or
 (c) served in the Armed Forces of the United States at any time during the period of June 27, 1950, and January 31, 1955, both dates inclusive, or
 (d) served for a period of ninety (90) days or more (unless discharged from active duty for a service-connected disability) in the Armed Forces of the United States during the period of time in which the United States participated in a war, campaign or battle, but excluding any person who shall have served on active duty for training only, unless discharged from active duty for service-connected disability, or
 (e) served in the Armed Forces of the United States in combat zone or in the immediate supporting area of the combat zone as certified by the War Veterans Commission of Oklahoma, prior to August 5, 1964, or
 (f) served in the Armed Forces of the United States at any time during the period which began on August 5, 1964, and ended on May 7, 1975; except that such period shall be deemed to have ended on December 31, 1976, when determining eligibility for education and training benefits.
 The term `War Veterans' shall include only those persons who shall have served during the times or in the areas prescribed hereinabove. Any honorably discharged war veteran of any of the Armed Forces of the United States shall be entitled to such tax exemptions to include but not be limited to tax-exempt veteran's benefits as provided in subsection (1), 68 O.S. 2405 of the Oklahoma Statutes, special permits and veterans' preferences for state employment, provided, that any person who shall have served on active duty for training purposes only shall not be entitled to any such tax exemptions, special permits or veterans' preferences." (emphasis added)
Title 72 O.S. 67.13b (1971) provides:
 "Any person who served on active duty in the Armed Forces of the United States and was discharged or separated from active duty under conditions other than dishonorable and further had served such active duty for more than ninety (90) days, other than for training purposes, any part of which occurred after January 31, 1955, or was released from active duty after January 31, 1955, for a service-connected disability, shall be entitled to tax exemptions, fees, special permits and veterans' preferences for state employment on the same basis as `War Veterans'." (emphasis added)
Title 74 O.S. 817 (1978) sets forth specifically the preferences for veterans in establishing the lists of eligibles as follows:
 "In establishing the lists of eligibles for appointment in pro motion, certain preferences shall be allowed for veterans honorably discharged from the Armed Forces of the United States. For disabled veterans, ten points shall be added to the passing grade achieved on the examination; for veterans who have not suffered disabilities, and for the surviving spouses of veterans, five points shall be added to the passing grade achieved on the examination. In determination of the register rank, five percentage points shall be added to the final grade of any person who has passed the examination and who has submitted proof of having status as a veteran, or spouse, unremarried surviving spouse, or dependent parent of a veteran; ten points shall be added to the final grade of any person who has passed the examination and has submitted proof of having status as a veteran, or spouse, unremarried surviving spouse, or dependent parent of a veteran who has a service-connected disability as certified by the Veterans Administration or Agency of the Defense Department within six months of date of application. Such veteran, spouse, unremarried surviving spouse, or dependent parent's name shall be placed at the top of the register in accordance with the numerical rating of the other service-connected veterans in receipt of benefits payable at the rate of ten percent (10%) or more. The veteran, spouse, unremarried surviving spouse, or dependent parent shall not be denied employment and passed over for a veteran having five percent (5%) preference or a non-veteran, without showing cause."
74 O.S. 817 does indeed provide a preference in addition to the ten points added to the final grade of the examination of a veteran with a service-connected disability, however, such veterans "name shall be placed at the top of the register in accordance with the numerical rating of the other service-connected veterans in receipt of benefits payable at the rate of ten percent (10%) or more."
The word "receipt" as used above is defined in Webster's New International Dictionary, Second Edition, page 2076 as:
 "Act of receiving; also, the fact of receiving or being received."
Black's Law Dictionary, Revised Fourth Edition, page 1433 defines "receipt" as:
 "Act of receiving; also, the fact of receiving or being received; that which is received; that which comes in, in distinction from what is expended, paid out, sent away, and the like." State v. Texas Co., 173 Tenn. 154, 116 S.W.2d 583, 584.
It is clear that the phrase "in receipt of" as used in 74 O.S. 817 is synonymous with the definitions set forth above, i.e., act of receiving, the fact of receiving.
When the language of a statute is plain, unambiguous, and clear, no room exists for the operation of rules of construction. Re Redwine's Estate, Okla., 445 P.2d 275 (1968); McVicker v. Board of County Commissioners of Caddo County, Okla., 442 P.2d 297 (1968). Neither the Attorney General nor the Supreme Court may expand the plain meaning of the words used in a statute when they are clear on their face and by their usage. Special Indemnity Fund v. Harold, Okla., 398 P.2d 827
(1964); Ridley Packing Company v. Holliday, Okla., 467 P.2d 480 (1970).
There is nothing contained in 74 O.S. 817 (1978) indicating that the legislature intended to give additional preference to a veteran who is not receiving benefits payable at the rate of ten percent (1O%) or more. It must therefore be concluded that the requirement is mandatory and, notwithstanding a veterans' decision to waive or otherwise not file for benefits due to a service-connected disability for patriotic or other reasons, he would not be entitled to the additional preference allowed disabled veterans who are receiving benefits for such service-connected disabilities.
It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows: A disabled veteran must be in receipt ofbenefits payable at the rate of ten percent (10%) or more in order toqualify for the additional preference provided by 74 O.S. 817 (1978),that such veteran's name shall be placed at the top of the register inaccordance with the numerical rating of the other service-connectedveterans in receipt of benefits payable at the rate of ten percent (10%)or more.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL JACKSON, ASSISTANT ATTORNEY GENERAL