Doughty *v.* Van Horn.

EUGENE S. DOUGHTY

*v.*

JOHN VAN HORN and others.

Where a mortgagor represented to the mortgagee that the premises which he proposed to mortgage to the latter would, with the policy of insurance in the H. company on the dwelling-house thereon, be good security for the mortgage debt, and the mortgagee thereupon agreed to accept the mortgage as security, and the mortgage contained a covenant for insurance (though the amount was left blank), and the mortgagor assigned to the mortgagee, as collateral security to the mortgage debt, a policy of insurance (not in the H. company) on a dwelling-house which had been, but was not at the time of making the mortgage, on the mortgaged premises, and retained the policy in the

H. company, which was on the new dwelling-house which had been erected in the place of the one on which the policy assigned had been,—*Held*, that the mortgagee was entitled to the policy in the H. company as collateral security.

Bill for relief.　On final hearing on pleadings and proofs.

*Mr. J. Schomp*, for complainant.

*Mr. Davis*, for defendant La Rue Vredenburgh.

THE CHANCELLOR.

The controversy in this suit is in reference to the insurance money due upon a policy of insurance against loss or damage by fire to the amount of $2,000, issued on the 12th of November, 1872, by the Hillsborough Mutual Fire Assurance Association to John Van Horn, on what is in the policy described as his "new" two-story frame dwelling-house, &c. The building was destroyed by fire in or about October, 1873. The liability of the insurance company to pay the insurance-money is not denied. The question is, whether the complainant is entitled to it as mortgagee of the property, and the controversy is between him and the assignee (for the benefit of creditors) of the mortgagor, the mortgagee claiming it under an agreement to insure contained in his mortgage. The mortgage is on the land on which the house stood, and was given to the complainant by Van Horn on the 12th of December, 1872. It is for $4,000 and interest, and is wholly unpaid. The assignee claims the money by virtue of the assignment, which was made on the 25th of June, 1873. The time for delivering the claims of creditors to the assignee expired in September, 1873. The complainant, relying on the security of his mortgage, did not exhibit his claim to the assignee. It appears that, irrespective of the insurance-money in question in this suit, the estate of Van Horn will pay only about thirty-three and one-third per cent. of the claims against it

in the hands of the assignee.   The mortgaged premises have
been sold under foreclosures, but nothing was realized there-
from on the complainant's mortgage, the amount which they
brought at the sale being no more than sufficient to pay the
prior encumbrances.   The mortgage contains a covenant
whereby it was declared to be agreed by and between the par-
ties to the mortgage that the mortgagor should and would
keep the buildings erected and to be erected upon the land
thereby mortgaged insured against loss or damage by fire,
in some safe and responsible insurance company or com-
panies, to an amount not less than ——— dollars, and assign
the policy and certificate thereof to the mortgagee as col-
lateral security for the payment of the principal and interest
of the mortgage, and that, in default thereof, it should be
lawful for the mortgagee to effect such insurance, and the
premium or premiums paid for effecting the same should be
a lien on the mortgaged premises, added to the amount of
the bond, and secured by the mortgage, and payable on
demand, with interest.

A contract for insurance against fire is, as a general rule,
a mere personal contract between the insured and insurer,
to indemnify the former against the loss he may sustain.
But the insured may, undoubtedly, by an agreement to
insure for the protection and indemnity of another person
having an interest in the subject of the insurance, give such
third person an equitable lien on the money due upon the
policy to the extent of such interest.   In the case before me
there was a covenant to insure the buildings erected and to
be erected upon the land mortgaged for the protection and
indemnity of the mortgagee.·   The amount of insurance is
not fixed, but it is to be presumed that the parties intended
to stipulate for such an amount of insurance upon the
buildings as would be necessary to the complete security of
the mortgagee.   Surely, under the covenant, the mortgagee
might, if the mortgagor had refused or neglected to obtain
insurance to such an amount, have obtained it to that

amount for himself, and could have recovered the premium under the mortgage.

The mortgagor, indeed, denies that there was any agreement for insurance, but the covenant in the mortgage is conclusive on that head. And besides, the complainant swears that the mortgagor, when he agreed to give the mortgage, told him that there was on the property a large barn and hovel, in good repair, and a new house, which he had just been building (the lumber for which, to the amount of about $600, it appears, the complainant had furnished); that the house and out-buildings were insured, and that he had a policy of insurance of $2,000 on the new house in the Hillsborough company, which would make the mortgage secure for the amount in case of fire. Again, it appears that with the mortgage two policies of insurance were delivered, one of which was on the old house which had been torn down in order to build the new one; but neither of those policies was issued by the Hillsborough company. Both of them were assigned by the mortgagor to the complainant as collateral security for the payment of the mortgage by assignment of even date with the mortgage. The insurance on the old house was of course worthless. If the mortgagor was under obligation to assign to the mortgagee the policy on the house which was on the premises, then it was manifestly a fraud to assign to him the policy on the house which had been torn down, and retain the policy on the new house in his possession, for his own benefit. That he was under such obligation is clear. The policy was, as appears from the proof, necessary for the mortgagee's protection. There were at that time prior encumbrances on the property to the amount of $7,400, besides interest. The land, of which there were about ninety-eight acres, was then worth only about $12,000, including the buildings. According to the complainant's testimony, it was expressly understood between him and the mortgagor that the policy in question should be security for the money secured by the mortgage. Indeed, the mort-

gagor does not positively deny this. He says he does not think that anything was ever said between them about the policies, and that nothing was said about putting an insurance clause in the mortgage, but the fact that the clause is in the mortgage, and that the policies of insurance were assigned by him, as before mentioned, expressly as collateral security to the mortgage, and were delivered with the mortgage to the mortgagee, presumably in pursuance of its requirements, is evidence that he is mistaken. He also says he does not think that he had the policy on the house when he gave the mortgage. He is mistaken in this, for the policy is dated on the 12th of November, 1872, and ran from the 31st of October, 1872, and the mortgage is dated the 6th of December, in that year. It appears that the two policies of insurance which were delivered to the complainant with the mortgage, were, when they were handed to him, folded in that instrument, and were so received by him, and that the attorney from whom he received them informed him, as the complainant testifies, that he had had the mortgage recorded, and that the insurance papers were in it. The complainant further testifies that he put the papers in his safe, and never looked at them until after the fire had taken place, when, having heard of it, he took them out of the safe. He subsequently found that he had not received the policy on the new house. He has an equitable lien on the insurance-money in question, and there will be a decree accordingly.

The complainant, by his bill, made claim to another policy, issued by the Hudson Insurance Company, but that claim is abandoned.