Belknap,
June, 1894.

ÆTNA INSURANCE CO. *v.* THOMPSON, *Assignee, & a.*

If a mortgagor is bound by covenant or otherwise to insure the mortgaged property for the security of the mortgagee, the latter has an equitable lien on the money due on a policy taken out by and payable to the mortgagor.

BILL OF INTERPLEADER.   Facts found by the court.   January 5, 1891, Woodbury L. Melcher and Edmund Tetley became sureties for John J. Lane upon his note to the Laconia Savings Bank.   Lane secured them by a mortgage upon personal property which he agreed to have insured, and the policies made payable to the bank as security for the payment of the note.   On the same day Lane procured policies of insurance in the plaintiff company and others on the mortgaged property, payable to himself, and containing no mention of Melcher or Tetley, or of the Laconia Savings Bank.   He continued these policies in force up to and including the time when the property was destroyed by fire, December 25, 1893.

Melcher and Tetley relied upon Lane's promise to have the policies made payable to the bank, and would not have signed the note unless he had so promised.   They supposed the policies were made payable to the bank, and did not learn they were not until after the fire.   March 22, 1894, Melcher and Tetley paid to the bank the amount of the note and took it up.

Insolvency proceedings were commenced March 15, 1894, and March 31, the defendant, Thompson, was appointed assignee of Lane's estate. The plaintiffs have adjusted their loss under their policy, and the amount due from them is claimed by Melcher and Tetley, and by the assignee.

*Napoleon J. Dyer,* for the plaintiffs.

*E. A. & C. B. Hibbard,* for Melcher and Tetley.

*Beckford & Shannon,* for Thompson, assignee.

WALLACE, J.   If a mortgagor is bound by covenant or otherwise to insure the mortgaged premises for the better security of the mortgagee, the latter will have an equitable lien upon the money due on a policy taken out by the mortgagor and payable to himself to the extent of the mortgagee's interest in the property destroyed.   *Wheeler* v. *Ins. Co.,* 101 U. S. 439, 442; *Providence County Bank* v. *Benson,* 24 Pick. 204; *Stearns* v. *Ins. Co.,* 124 Mass. 61; *Dunlop* v. *Avery,* 23 Hun 509; *Cromwell* v. *Ins. Co.,* 44 N. Y. 42; *Nichols* v. *Baxter,* 5 R. I. 491; *Miller* v. *Aldrich,* 31 Mich. 408.

Lane procured the insurance on the mortgaged property, and afterwards kept it in force with intent to perform his agreement to insure for the benefit of the mortgagees; and although he neglected to have the policies made payable to the bank according to his agreement, yet the mortgagees, Melcher and Tetley, have an equitable lien on the policies to the extent of their interest against him.

The assignee in insolvency stands in the same position as Lane, the insolvent debtor. He is not by virtue of his office an attaching creditor, or subsequent purchaser. The estate of the insolvent debtor vests in him, not by virtue of an attachment or sale, but by force of the assignment under the statute, and he can take no more than the debtor had, except in case of a fraudulent sale.   *Adams* v. *Lee,* 64 N. H. 421; *Shaw* v. *Glen,* 37 N. J. Eq. 32; *Wilson* v. *Esten,* 14 R. I. 621.

As the agreement provided that the insurance was to be made payable to the bank for the benefit of the mortgagees, and as they have paid the note and are equitably entitled to the benefit of the insurance, they may be subrogated to the rights of the bank.   *Philbrick* v. *Shaw,* 61 N. H. 356.

*Decree for the mortgagees.*

. SMITH, J., did not sit : the others concurred.