## SMITH & FURBUSH MACH. CO. v. HUYCKE et al.

No. 9189—Opinion Filed Oct. 29, 1918.

On petition for Rehearing Jan. 28, 1919.

(177 Pac. 919.)

(Syllabus.)

**Insurance—Duty of Buyer—Sales—Insurance by Buyer—Loss.**

Where by the terms of the contract of sale it is the duty of the vendee to keep the property insured for the benefit of the vendor, and the vendee takes out a policy in his own name, and does not assign it or make it payable to the vendor and a loss occurs, such agreement creates an equitable lien in favor of the vendor upon the proceeds of the policy of insurance for the balance of the purchase price remaining unpaid at the time of the loss.

Kane, J., dissenting.

Error from District Court, Creek County; Geo. W. Clark, Assigned Judge.

Suit by the American National Bank against the Southwestern Bedding Company, in which Waldo Huycke was appointed receiver, and in which the Smith & Furbush Machine Company filed a petition of intervention. Judgment against intervener, and it brings error. Reversed and remanded, with instructions.

Geo. L. Burke, for plaintiff in error.

J. R. Miller, for defendants in error.

HARDY, J. Smith & Furbush Machine Company sold certain machinery to the Southwestern Bedding Company, a corporation, of Sapulpa, and at the time of sale, entered into a contract with the purchaser by which title thereto was retained until fully paid for, and by which the purchaser agreed to keep the machinery insured in the name of Smith & Furbush Machine Company. At the suit of the American National Bank, a receiver was appointed for the assets of the Southwestern Bedding Company, who operated the property from June 3, 1914, to August 6, 1914, when the plant, including the machinery mentioned, was destroyed by fire. On May 21 1915, Smith & Furbush Machine Company filed a petition of intervention in the proceedings wherein a receiver had been appointed. The property was covered by insurance which was paid to the receiver. Smith & Furbush Machine Company claimed an equitable lien upon the proceeds of the insurance for the amount of their indebtedness, which claim was denied by the court.

There appears to be no doubt, from an examination of the record, that the machinery was taken over by the receiver and that the insurance collected covered said property. Insurance had originally been taken out by the Southwestern Bedding Company for its own benefit and was continued in force by the receiver. The court found that the insurance did not cover the interest of plaintiff in error, and it is contended that, because the interest of plaintiff in error was not insured, the judgment of the court was right and should be affirmed.

It is a well established rule that when, by the terms of a mortgage, it is the duty of the mortgagor to keep the property insured for the benefit of the mortgagee and the

mortgagor takes out a policy in his own name and does not assign it or make it payable to the mortgagee, and a loss occurs, such agreement creates an equitable lien in favor of the mortgagee to the extent of the mortgage indebtedness upon the money due under the policy of insurance; and this is true, even though the mortgagee under the power contained in the mortgage, in default of insurance by the mortgagor, may insure the property at the expense of the mortgagor. Wheeler v. Factors' & Traders' Ins. Co. 101 U. S. 439, 25 L. Ed. 1055; Chipman et al v. Carroll et al., 53 Kan. 163 35 Pac. 1109 25 L. R. A. 305; Aetna Ins. Co. v. Thompson, 68 N. H. 20, 40 Atl. 396, 73 Am. St. Rep. 552; Hyde v. Hartford Fire Ins. Co., 70 Neb. 503, 97 N. W. 629 113 Am. St. Rep. 796; 4 Joyce, Ins. § 3523; 4 Cooley's Briefs Ins. 3703; 14 R. C. L. § 536, title "Insurance." This rule is applicable to an agreement by a vendee to insure for the benefit of his vendor. Grange Mill Co. v. Western Assur. Co., 118 Ill. 396, 9 N. E. 274; Cromwell v. Brooklyn Fire Ins. Co., 44 N. Y. 42, 4 Am. Rep. 641.

Applying this rule to the case at bar, the Smith & Furbush Machine Company was entitled to an equitable lien upon the proceeds of the policy of insurance for the balance of the purchase price remaining unpaid at the time the property was destroyed by fire and the judgment of the court was wrong, and is therefore reversed and remanded, with instructions to enter judgment in accordance with the views herein expressed.

### On Petition for Rehearing.

HARDY, C. J. On petition for rehearing it is again urged that it does not appear that the property sold by the Smith & Furbush Machine Company was in possession of the receiver at the time of the fire which destroyed the property of the Southwestern Bedding Company. Upon a re examination of the record we adhere to the original conclusion that the property was taken possession of by the receiver, and was in his possession at the time of the fire which destroyed the plant of the Southwestern Bedding Company.

Our attention is called to a statement in the opinion that the property was insured at the time the receiver was appointed and that the receiver kept the insurance in force. This statement is not strictly accurate. When the receiver was appointed the insurance then in force was cancelled, and the receiver procured a policy in his own name as receiver upon all the property of the bedding company in his possession, including that purchased from the Smith & Furbush Machine Company. This does not alter the conclusion reached. The receiver was the representative of the court, and held the property for the benefit of the debtor and all creditors in proportion to their respective interests. At the time the Smith & Furbush Machine Company sold the property to the Southwestern Bedding Company, a written contract was executed, in which title thereto was reserved until the property was fully paid for, and this contract was duly filed with the register of deeds and constituted a lien upon the property. An additional covenant in the contract required the purchaser, the Southwestern Bedding Company, to keep the property insured for the benefit of the seller, the Smith & Furbush Machine Company. It would be inconceivable that a court of equity should take property of a creditor into its custody, not as a representative of the debtor alone, but of all the creditors as well, and that by the act of taking charge thereof in an effort to preserve the rights of all parties it should expose the property to destruction without making provision for compensating the parties therein according to their respective interests.

When the receiver took possession of the property, he held it by the same right and title, and by no other, as that of the Southwestern Bedding Company, subject to all liens, properties, and equities, whether created by operation of law or by the act or contract of the corporation, which existed against the property at the time of his appointment. Ardmore National Bank v. Briggs Machinery & Supply Co., 20 Okla. 427, 94 Pac. 533, 23 L. R. A. (N. S.) 1074, 129 Am. St. Rep. 747, 16 Ann. Cas. 133; Lawson, Receiver, v. Warren, 34 Okla. 94, 124 Pac. 46, 42 L. R. A. (N. S.) 183, Ann. Cas. 1914C, 139. So that, when he insured the property in his own name as receiver, the insurance was effected for the benefit of the owner and creditors according to their respective interests therein and liens thereto; and, a loss having occurred, the Smith & Furbush Machine Company was entitled to a lien upon the proceeds of the insurance to the extent of their lien upon the property destroyed, and this lien was superior to the claim asserted by the American National Bank. Croenwett v. Boston & A. Transp. Co. (C. C.) 95 Fed. 52.

The petition for rehearing is overruled.

KANE, J., dissents.

HARRISON, J., absent.