71 N.J. Super. 178 (1961)
176 A.2d 536
PEOPLES TRUST COMPANY OF BERGEN COUNTY, PLAINTIFF,
v.
THE LOUNGE IN LODI, INC., DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 12, 1961.
*179 Mr. Albert Platt for the receiver (Messrs. Miller & Platt, attorneys).
Mr. Herbert S. Alterman for Walter E. Heller & Company, Inc.
Mr. Meyer Sugarman for Mazzo Oil Company.
GRIMSHAW, M.
Walter E. Heller & Company, Inc., a creditor of the insolvent, The Lounge in Lodi, Inc., seeks a determination of its rights to a portion of certain insurance proceeds which were paid to the statutory receiver by the insolvent's insurer. The facts are substantially as follows:
On May 20, 1959 Heller sold an air conditioner to the insolvent under a conditional sales contract wherein the insolvent agreed to insure the property in the name of the conditional seller, Heller, against loss by fire or theft. On February 2, 1960, after the air conditioner had been installed *180 on the insolvent's premises, a fire consumed and destroyed the insolvent's place of business and all equipment contained therein. At the time of said fire the insolvent, as the conditional buyer, had paid $250 of the purchase price and was still indebted to Heller for $2,826.42, exclusive of interest and late charges.
Subsequent to the fire, a statutory receiver was appointed and all creditors of the insolvent were served with an order to show cause why the receiver should not accept $20,000 in settlement of the insolvent's fire loss. All of the creditors consented and the insurance company paid over the money to the receiver.
After the receiver had received the settlement proceeds from the insurer, Heller was notified that the equipment covered by the conditional sales contract was appraised at $1,496.63 and said amount was offered by the receiver in settlement of Heller's claim against the insolvent. The offer of settlement was rejected by Heller.
In the instant matter the receiver and Mazzo Oil Company, a creditor of the insolvent, maintain that Heller occupies the position of a general creditor on its claim arising out of the conditional sales contract. I find their argument to be without merit.
When the insolvent agreed to insure Heller's interest under the conditional sales contract between itself and Heller, Heller became entitled to an equitable lien on the money due under the policy issued to the insured. See Doughty v. Van Horn, 29 N.J. Eq. 90 (Ch. 1878). It did not matter, for purposes of the creation of Heller's equitable lien, that the insolvent did not insure Heller's interest, since equity regards as done what ought to be done. Furthermore, it is of no consequence that the receiver, and not the insolvent, claims the insurance proceeds, since the receiver has failed to establish the existence of any creditors who possess superior rights to the proceeds in question. Under such circumstances the receiver has no greater rights than the insolvent.
*181 Since Heller held an equitable lien on the insurance proceeds covering the air conditioner, the question then arises as to whether said lien is entitled to any preferential treatment under R.S. 14:14-23, which provides as follows:
"After payment of all allowances, expenses and costs, and the satisfaction of all special and general liens upon the funds of the corporation to the extent of their lawful priority, the creditors shall be paid proportionally to the amount of their respective debts, excepting mortgage and judgment creditors when the judgment has not been by confession for the purpose of preferring creditors."
I am of the opinion that Heller's lien was, and is, a "special" lien, since Heller had a right to have his lien discharged from any insurance proceeds recovered by the insolvent for the destruction of the air conditioner by fire. See Temple v. Clinton Trust Company, 1 N.J. 219 (1948). This being so, Heller is entitled to the preferential treatment given by R.S. 14:14-23.
Although Heller does merit some preferential treatment, the extent of such treatment is limited to the amount recovered by the receiver for the loss of the air conditioner, i.e., $1,496.63. That this must be so is apparent from the fact that Heller's right can be no greater than the full value of the destroyed chattel. See Smith & Furbush Machine Co. v. Huycke, 72 Okl. 30, 177 P. 919 (Sup. Ct. 1918). On any sum above $1,496.63 Heller is a general creditor.
I will advise a judgment in accordance with the views expressed above.