In re Hayward Arnold STONE, Velvy Ree Stone, John Fitzgerald Stone, Loretta Stone, Debtors.

NOLIN PRODUCTION CREDIT ASSOCIATION, Plaintiff,

v.

Hayward Arnold STONE, Defendant.

NOLIN PRODUCTION CREDIT ASSOCIATION, Plaintiff,

v.

John Fitzgerald STONE, Defendant.

Bankruptcy Nos. 48400048, 48400049.
Adv. Nos. 4840031, 4840032.

United States Bankruptcy Court, W.D. Kentucky.

Aug. 21, 1985.

---

11. *In re Vance,* 43 B.R. at 102.

Jan Jefferson, Elizabethtown, Ky., for defendants.

Dwight Preston, Elizabethtown, Ky., for plaintiff.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This matter comes before us on the motion of the plaintiff to deny the debtors a discharge under § 727 of the Bankruptcy Code. Initially, this presents a single legal issue: are the funds generated from a tort claim settlement involving property which was collateral for a secured debt "proceeds" of that collateral within the meaning of Kentucky Revised Statutes [KRS] § 355.9–306(1)?

Due to the limited scope of this opinion, only a brief review of the facts will be necessary. In 1982 the debtors commenced a civil action against a veterinarian, animal clinic and laboratory alleging that, as a result of the negligence of the above parties, the debtors suffered the loss of nearly 300 calves. At the time of their deaths, the plaintiff in this action, Nolin Production Credit Association (PCA), had a properly perfected security interest in the calves referred to above. The PCA's security interest included "proceeds" of the cattle but did not specifically cover tort monies received by the debtors upon the destruction of the collateral. In March of 1983, the debtors settled their lawsuit and received over $75,000 as compensation for their losses. No part of this settlement was turned over to the PCA.

■ This case is one of first impression in both Kentucky state and federal courts. In deciding issues founded upon state law, federal courts must, under the doctrine of *Erie Railroad Co. v. Tompkins*, [1] first look to either the legislative pronouncements or the decisions of the state's highest court. Where neither the legislature nor the highest court of the state has spoken, a federal court must anticipate the rule that would be applied by the state courts if they were confronted with the same issue. [2]

KRS § 355.9–306 reads in pertinent part that:

(1) "Proceeds" includes whatever is received when collateral or proceeds is *sold, exchanged, collected or otherwise disposed of*....

(2) Except where his article otherwise provides a security interest continues in collateral *notwithstanding sale, exchange, or other disposition thereof* by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and *also continues in any identifiable proceeds including collections received by the debtor.* [emphasis added]

While there have been no reported decisions construing this statute by courts sitting in the Commonwealth of Kentucky, several other jurisdictions have considered the issue of whether amounts received as compensation for the destruction of collateral constitute proceeds under similar statutes. [3] Courts which have considered the issue of tort settlement monies as proceeds or the analogous issue of whether insurance payments constitute proceeds have almost equally split on the general question of whether these types of payments are "proceeds". We therefore must analyze these two differing lines of authority in order to determine which body of precedent the Kentucky State Courts would follow.

The leading case holding that monies received as a result of insurance claims or tort actions are not proceeds under the

---

1. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. *C.I.R. v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); *Cole v. Cardoza,* 441 F.2d 1337 (6th Cir.1971).

3. Two versions of U.C.C. § 9–306 have been widely adopted by state legislatures. Ken-

tucky's version of this provision is the original version of U.C.C. § 9–306. The other common version of this section incorporates a 1972 amendment to this provision. See note 8 and accompanying text *infra,* for the amended language.

provisions the original version of U.C.C. § 9–306 is *In re Boyd*.[4] There the Supreme Court of Oklahoma, in interpretating a statute which was nearly identical to KRS § 355.9–306, ruled that "monies recovered by [a] debtor from a third party as a result of [the] debtor's claim in tort against the third party are not proceeds under § 9–306(1). . . ." The theory behind this holding is derived from the literal reading of this section adopted by the Oklahoma Court. Citing the Maine case of *Quigley v. Caron*,[5] and the Rhode Island decision of *Universal C.I.T. Credit Corp. v. Prudential Investment Corp.*,[6] and focusing upon the verbs "sold", "exchanged", "collected" and "disposed" as well as the reference to action of the debtor in section 9–306(2), the court reasoned in *Boyd* that "proceeds" can only arise from a voluntary disposition of collateral. Involuntary dispositions of property, such as tortious destruction of property by third parties are not covered by § 9–306.

■ While the Oklahoma Supreme Court's analysis of its version of U.C.C. § 9–306 is reasonable, we believe that the Kentucky Supreme Court would not follow the *Boyd* decision for two major reasons. First, except for the *Boyd* decision itself, the trend of recent opinions in this area has been to include insurance and tort payments in the definition of proceeds under section 9–306.[7] Second, and most importantly, Kentucky's version of this provision gives a broad and nonexclusive definition of proceeds. The language of KRS § 355.-9–306 does not distinguish between volun-

tary and involuntary dispositions of collateral and we do not believe that the courts of Kentucky would "judicially graft" such a distinction of this provision. The obvious intent of 9–306(1) is to give the term "proceeds" the broadest possible definition.[8] To construe the term proceeds in the highly restricted manner urged by the *Boyd* court would be antithetical to the underlying purposes of the U.C.C. and we do not believe the Kentucky Court System would adopt such a restrictive definition of this term.

In conclusion, we note that in 1972 the Commissioners on Uniform State Laws amended section 9–306 of the U.C.C. to provide that: "[i]nsurance payable by reason of loss or damage to the collateral is proceeds, except to the extent that it is payable to a person other than a party to the security agreement." This additional language has not yet been adopted in Kentucky. The debtors' argue that the Kentucky legislature's failure to adopt the 1972 amending language is evidence of the legislature's support of a restricted definition of proceeds. We find this argument to be without merit. The commentator's note accompanying the 1972 version of section 9–306 clearly indicates that those changes were made "to overrule various cases to the effect that proceeds of insurance on collateral are not proceeds of the collateral" and more clearly reflect the original intent of this provision.[9] In our opinion the Kentucky Supreme Court would view the 1972 amendment as evidence of the original drafter's intent to give a broad definition to the term proceeds as it is used in section

---

**4.** 658 P.2d 470 (Okl.1983) (Certified Question of law from the U.S. Bankruptcy Court for the Northern District of Oklahoma).

**5.** 247 A.2d 94 (Me.1968).

**6.** 222 A.2d 571 (R.I.1966).

**7.** *Brown v. First National Bank of Dewey*, 617 F.2d 581 (10th Cir.1980); *Aetna Insurance Company v. Texas Thermal Industries, Inc.*, 591 F.2d 1035 (5th Cir.1979); *PPG Industries, Inc. v. Hartford Fire Ins. Co.*, 384 F.Supp. 91 (S.D.N.Y.1974) *aff'd* 531 F.2d 58 (2d Cir.1976); *Fireman's Fund of America Ins. Co. v. Ken-Lori Knits, Inc.*, 399 F.Supp. 286 (E.D.N.Y.1975).

**8.** *See In re Kittyhawk Television Corp.*, 383 F.Supp. 691 (S.D.Ohio 1974), *rev'd on other grounds*, 516 F.2d 24 (6th Cir.1975); *National Acceptance Co. v. Virginia Capital Bank*, 498 F.Supp. 1078 (E.D.Va.1980); *In re Judkins*, 41 B.R. 369 (Bkrtcy.M.D.Tenn.1984); *In re Cupp*, 38 U.C.C.Rep. 592 (Bkrtcy.N.D.Ohio 1984); *In re SMS, Inc.*, 15 B.R. 496 (Bkrtcy.D.Kan.1981).

**9.** *Brown v. First National Bank of Dewey*, 617 F.2d at 584; *Aetna Ins. Co. v. Texas Thermal Industries, Inc.*, 591 F.2d at 1039; *PPG Industries Inc. v. Hartford Fire Ins. Co.*, 531 F.2d at 61.

**308**

9–306 of the U.C.C. and not see it as a substantive change in the law.

We therefore rule that the Kentucky Courts, if confronted with this issue, would hold that monies received in settlement of a tort claim for the tortious damage or destruction of secured collateral are proceeds under the provisions of KRS § 355.9–306.

An order reflecting these findings and setting a pretrial hearing on this matter will be entered by the court.